IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | § | |
| Plaintiff, | § § § | |
| v. | § § | C.A. No. 06 005 |
| DAVID W. ELKIN, RICHARD M. SHORIN and THE ELKIN GROUP, INC. | § § § § | Jury Trial Demanded |
| Defendants, | § § | |
| and | § § | |
| US MobilComm, INC., | § § | |
| NOMINAL DEFENDANT. | | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants David W. Elkin, Richard M. Shorin, the Elkin Group, Inc., and Nominal Defendant US MobilComm, Inc. respectfully file this Notice of Removal and, in support thereof, would show the Court as follows:

### I.
### INTRODUCTION

1. On December 5, 2005, Plaintiff Jeffrey M. Norman filed suit against Defendants in the Court of Chancery of the State of Delaware, in and for New Castle County, in an action styled *Jeffrey M. Norman v. David W. Elkin, et al.*, Civil Action No. 1819-N. Plaintiff's suit was removable when originally filed and at the time this Notice of Removal was filed.

2. On December 13, 2005, all Defendants were served with the state court suit. This Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint filed in state court asserts claims based on alleged wrongful and inequitable conduct of Defendants David W. Elkin, Richard M. Shorin, and/or the Elkin Group, Inc. relating to the control of US MobilComm, Inc. and the disposition of its assets. Plaintiff's Complaint alleges no wrongful or inequitable conduct by US MobilComm, Inc. and does not seek any relief from US MobilComm, Inc.

4. All Defendants in the state court action join in this Notice of Removal as required by 28 U.S.C. § 1446(a). There are no other defendants from whom written consent would be required.

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a). *See* Exhibit A.

6. Venue is proper in this District under 28 U.S.C. § 1441(a) because this District embraces the place where the removed action has been pending.

7. Defendants filed a copy of this Notice of Removal with the clerk of the state court where the action has been pending as of the date of this removal.

## II.
## BASIS FOR REMOVAL

8. Defendants remove this action pursuant to 28 U.S.C. §§ 1441 and 1332. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28

U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332.

9. "A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal...." 28 U.S.C. § 1446(a). The right of removal is determined by the pleadings and record at the time the petition for removal is filed. *See Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 135 (3d Cir. 1976).

10. The diversity-of-citizenship requirement of 28 U.S.C. § 1332(a) is satisfied in this case because no Defendant is a citizen of the same state as Plaintiff. *See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Management, Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (stating that jurisdiction under 28 U.S.C. § 1332(a) "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants") (citation omitted). Plaintiff is a citizen of Connecticut. Defendant David W. Elkin is a citizen of Pennsylvania. Defendant Richard M. Shorin is a citizen of Pennsylvania. Defendant Elkin Group, Inc. is a citizen of Pennsylvania. Nominal Defendant US MobilComm, Inc. is a citizen of Delaware and allegedly Pennsylvania.

11. The fact that Nominal Defendant US MobilComm, Inc. is a citizen of Delaware does not impact the propriety of this removal because it is clearly a nominal defendant. *See* 28 U.S.C. § 1441(b) (removal based on diversity jurisdiction is permitted "only if none of the *parties in interest* properly joined and served as defendants is a citizen of the State in which such

3

action is brought") (emphasis added). It is well-settled that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In determining the real parties to the controversy, "a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." *Polak v. Kobayashi*, 2005 WL 2008306, *2 (D. Del. 2005). Even the most generous interpretation of the complaint demonstrates that US MobilComm, Inc. is not such a real party. Out of the twenty-two page Complaint, Plaintiff purports to assert only one direct claim against, for, or on behalf of US MobilComm, Inc.: "A declaration that the Company is entitled to all payments and consideration which have been derived or are to be derived from the sale, transfer, cancellation, abandonment or other exploitation of rights and assets properly belonging to the Company." *See* Complaint, p. 17. In addition, the prayer contains the only other specific references to any purported relief sought against, for, or on behalf of US MobilComm, Inc.: "B. the imposition of a constructive trust over those assets or proceeds from assets that rightfully belonged to [US MobilComm, Inc.];" and "G. the appointment of a custodian to wind up the affairs of [US MobilComm, Inc.] and distribute any all assets *pro rata*." *Id.*, pp. 21, 22. These allegations are insufficient to transform US MobilComm, Inc. from a nominal defendant to a real party in interest. Indeed, Plaintiff even specifically characterizes US MobilComm, Inc. as a nominal defendant. *Id.*, pp. 1, 3.

12. The fact that Nominal Defendant US MobilComm, Inc. is a citizen of Delaware also does not impact the propriety of this removal because it was fraudulently joined. The citizenship of fraudulently joined defendants must be disregarded for purposes of removal. *See*

4

*Baum v. NGK Metals Corp.*, 155 F. Supp. 2d 376, 379 (E.D. Pa. 2001). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against ... [defendants], or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992)) (internal quotations omitted) (alternation in original). In evaluating fraudulent joinder, "the court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.* (citing *Batoff*, 977 F.2d at 851) (internal quotations omitted). The citizenship of US MobilComm, Inc. must be disregarded because Plaintiff's Complaint alleges no wrongful or inequitable conduct by US MobilComm, Inc. and does not seek any relief whatsoever from US MobilComm, Inc. As such, Plaintiff has no real intention in good faith to prosecute this action or seek a joint judgment against US MobilComm, Inc.

13.  The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff seeks a recovery greater than $75,000 (excluding interests and costs). "The general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). If the amount in controversy is not facially apparent from the complaint itself, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote citation omitted); *see also USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003). "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 145. Although the amount in controversy is not explicitly stated in Plaintiff's Complaint, even a cursory reading of the Complaint confirms that

5

Plaintiff seeks recovery well in excess of $75,000 (excluding interests and costs). Indeed, it is facially apparent from Plaintiff's Complaint itself that Plaintiff seeks recovery of at least $144,262.25 because he specifically alleges that he is entitled to 25% of all the proceeds from the sale of the assets of US MobilComm, Inc. and that those assets were sold piecemeal for at least four separate amounts of $138,049, $349,000, $60,000 and $30,000—totaling $577,049. *See* Complaint, pp. 8, 9, 22. In addition, to the extent the Court may determine that the requisite amount in controversy is not facially apparent from Plaintiff's Complaint itself, "summary judgment-type" evidence also confirms that Plaintiff seeks recovery well in excess of $75,000 (excluding interests and costs). Plaintiff's counsel sent a letter to Defendants' counsel purportedly establishing Plaintiff's minimum damages at $402,000 and demanding $350,000 to settle this dispute. *See* Exhibit B (December 2, 2005 letter from Sean J. Bellow to Steven L. Caponi).

## III.
## JURY DEMAND

14.   Plaintiff did not demand a jury in the state court action.

## IV.
## CONCLUSION

15.     Accordingly, for the foregoing reasons, removal of this action from the state court where it has been pending is proper pursuant to 28 U.S.C. §§ 1441 and 1332.

_____
Steven L. Caponi (DSBA No. 3484)
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

*Attorneys for Defendants David W. Elkin, Richard M. Shorin, the Elkin Group, Inc., and Nominal Defendant US MobilComm, Inc.*