**EXHIBIT B**

900200.00001/40124222v.1


BLANK ROME LLP
COUNSELORS AT LAW

*Phone:*   *(302) 425-6408*
*Fax:*     *(302) 425-6464*
*Email:*   *caponi@blankrome.com*

December 2, 2005

**BY HAND**

Sean J. Bellew, Esquire
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Re:   Norman v. US Mobilcomm, Inc.

Dear Sean:

This letter constitutes my last effort to initiate a process that will hopefully lead to an amicable resolution of the dispute between our clients. It is my sincere hope that after reviewing this letter and re-examining the known facts in an objective manner, your client will realize that his interests are best served by engaging in meaningful settlement discussion - not costly litigation.

Over the course of the past year, my client has made several unconditional offers to engage in settlement discussions and/or adopt procedures for resolving this dispute through ADR. Most recently, I personally re-extended this offer to you during phone conversations last month and yesterday. For incomprehensible reasons, your client has summarily rejected every settlement overture and has refused to even engage in settlement discussion. Similarly, despite repeated requests, your client – the plaintiff – has refused to issue a settlement demand. The most recent response, received yesterday afternoon, was a statement by your client that he would refuse to engage in settlement discussions and would immediately file a breach of fiduciary duty complaint unless my client made a "substantial" settlement offer within less than 24 hours.

Although we believe your client's recent demand constitutes a bad faith rejection of our offer to engage in settlement discussions and is no substitute for a meaningful dialogue, as a show of continued good faith, my client has authorized me to propose the following outline of settlement:



Sean J. Bellew, Esquire
December 2, 2005
Page 2

    1. Your client would receive a cash payment of $75,000 and fifty percent (50%) of the net proceeds realized by the liquidation of the Company's remaining assets; or

    2. Your client would receive a cash payment of $50,000 and one-hundred percent (100%) of the net proceeds realized by the liquidation of the Company's remaining assets.

    If the above outline is acceptable to your client, we can draft a comprehensive settlement agreement that contains the standard legalese, such as mutual releases, and present that document as a binding settlement offer that could then be accepted by your client. This letter is not a binding settlement offer. If your client finds this outline unacceptable, I once again reiterate our desire to engage in meaning settlement discussions and our willingness to consider ADR options, including mediation and binding arbitration.

Yours very truly,

*[signature]*

Steven L. Caponi

SLC/rst

cc:    Mr. David W. Elkin
        David Felice, Esquire