IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JEFFREY M. NORMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **C.A. No. 06 - 005 - JJF** |
| | § | |
| **DAVID W. ELKIN, RICHARD M.** | § | |
| **SHORIN and THE ELKIN GROUP,** | § | |
| **INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **US MOBILCOMM, INC.,** | § | |
| | § | |
| **NOMINAL DEFENDANT.** | | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants David W. Elkin ("Elkin"), Richard M. Shorin ("Shorin"), The Elkin Group,

Inc. ("TEG") (referred to collectively as "Defendants"), and Nominal Defendant US MobilComm,

Inc. ("USM") respectfully file this Answer to Plaintiff Jeffrey M. Norman's ("Norman")

Amended Complaint. Since no claims are made against nominal defendant USM directly, USM

has neither admitted nor denied any of Plaintiff's allegations. To the extent USM is required to

answer, it denies the allegations of the Complaint. The rest of the Defendants have answered in

the aggregate, unless a particular answer or portion thereof is specifically attributed to less than all

Defendants. In support of Defendants' Answer, they plead and allege as follows:

**INTRODUCTION**

1.      Denied in part and admitted in part. Defendants admit only that Elkin is the

majority stockholder and sole director of USM. Defendants deny the remaining allegations

1

contained in Paragraph 1. Defendants further deny that Plaintiff is entitled to any of the relief requested in Paragraph 1.

## PARTIES

2.    Denied in part and admitted in part. Defendants admit only that Norman is an individual and stockholder of USM. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 2.

3.    Denied in part and admitted in part. Defendants admit that Elkin is an individual, stockholder, President, and sole director of USM. Defendants also admit that Elkin is a citizen of the Commonwealth of Pennsylvania residing at 805 Bryn Mawr Avenue, Newtown Square, Pennsylvania. The allegations in the third sentence of Paragraph 3 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 3.

4.    Denied in part and admitted in part. Defendants admit that Shorin is an individual residing at 255 Ridings Way, Ambler, Pennsylvania. Defendants admit that Shorin was a part-time independent contractor controller of USM and he attested as assistant secretary to Elkin's signature on a couple of documents and for that limited purpose only. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 4.

5.    Denied in part and admitted in part. Defendants admit that TEG is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 805 Bryn Mawr Avenue, Newtown Square, Pennsylvania. Defendants admit that TEG is wholly-owned and controlled by Elkin. Defendants deny the remaining allegations in Paragraph 5.

2

6.    Denied in part and admitted in part. It is admitted that USM is a corporation organized and existing under the laws of the state of Delaware with its headquarters located at 805 Bryn Mawr Ave., Newtown Square, Pa. It is further admitted that USM owned at least one Federal Communication System ("FCC") license and various equipment that is or was used in connection with communication licenses.    Defendants deny the remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

### A.    Agreement to Acquire an Interest in USM

7.    Denied.

8.    Denied.

9.    Denied in part and admitted in part. It is admitted that in December 1994, Norman received 125 shares, or 25% of the then outstanding shares of USM. It is further admitted that Elkin received an amount of shares bringing his total interest in USM to 75% of the then outstanding shares. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of Paragraph 9 and therefore deny the same. Defendants deny the remaining allegations in Paragraph 9.

.    10.    Denied in part and admitted in part. It is admitted that Norman worked for USM from approximately 1993 through some time in 1996. It is further admitted that USM entered into agreements with license holders and had an interest in licenses that, under certain circumstances, could result in a management fee. Defendants deny the remaining allegations in Paragraph 10.

11.    Denied in part and admitted in part. It is admitted only that, as of 1996, USM had entered into agreements with holders of approximately 40-50 licenses in states that included New

3

York, Pennsylvania, Maryland, Florida, Massachusetts, Illinois, California, Texas, Connecticut, Wisconsin, and the District of Columbia. Defendants deny the remaining allegations in Paragraph 11.

**B.    Proposed $6 Million Transaction with Centennial Communications**

12.    Denied in part and admitted in part. Defendants admit that as of some time in 1997, USM had entered into agreements with license holders of approximately 217 channels of 220 MHz spectrum throughout the United States. Defendants further admit that some of the licensees were held in the name of USM. Defendants deny the remaining allegations in Paragraph 12.

13.    Denied. The allegations set forth in this paragraph are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

14.    Denied. The allegations set forth in the first sentence of Paragraph 14 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

15.    Denied in part and admitted in part. It is admitted that in or around May 1997, US MobilComm signed a letter of intent for the sale of all or substantially all of its assets for approximately $6 million. By way of further answer, Defendants admit that the proposed transaction was never consummated. Defendants deny that Shorin played any role in ascertaining the propriety of the potential transaction. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 15.

16.    Denied in part and admitted in part. Defendants admit only that the Centennial transaction did not close. The remaining allegations set forth in Paragraph 16 are denied as

122138.00601/40159626v.1

conclusory statements to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations.

**C.    Proposed 1998 Merger with Incom Communications Corporation**

17.    Denied in part and admitted in part. Defendants admit only that Elkin engaged in merger discussions with Incom Communications Corporation ("ICC"). Defendants deny the remaining allegations in Paragraph 17.

18.    Denied. Defendants deny that they engaged the services of an independent valuation expert to assess the value of each party to the proposed merger. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 18.

19.    Denied.

20.    Denied. The allegations in Paragraph 20 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

21.    Denied in part and admitted in part. Defendants admit only that Elkin proposed the concept of merging with ICC through which USM would have received some minority interest in the anticipated surviving entity. Defendants deny the remaining allegations in Paragraph 21.

22.    Denied in part and admitted in part. Defendants admit that the discussions never resulted in a merger. The remaining allegations set forth in Paragraph 22 are denied as they are conclusory statements to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations.

5

**D.      Elkin's Self-Dealing During the FCC Phase II License Auction**

23.      Denied. The allegations set forth in Paragraph 23 are based on a federal regulation that speaks for itself and to which no response is required. Defendants deny Norman's characterization of that regulation. To the extent a further response is required, Defendants deny these allegations.

24.      Denied. The allegations set forth in Paragraph 24 are based on a federal regulation that speaks for itself and to which no response is required. Defendants deny Norman's characterization of that regulation. To the extent a further response is required, Defendants deny these allegations.

25.      Denied in part and admitted in part. The allegations in the first sentence of Paragraph 25 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants expressly deny that USM posted a payment of $200,000. Defendants admit only that Shorin knew about the $200,000 payment made to the FCC. The remaining allegations in this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, however, Defendants deny these allegations.

26.      Denied in part and admitted in part. Defendants admit only that USM was registered as a potential bidder for Phase II Auction 18. Defendants deny the remaining allegations in Paragraph 26.

27.      Denied. The allegations set forth in Paragraph 27 are based on a federal regulation that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

6

28.    Denied.  The allegations set forth in Paragraph 28 are either based on federal regulations, which regulations speak for themselves and therefore no response is required, or they are conclusory statements to which no response is required.  Defendants deny Norman's characterizations of these regulations and the conclusions he draws from those characterizations. To the extent a further response is required, Defendants deny these allegations.

29.    Denied.

30.    Denied.  The allegations set forth in Paragraph 30 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

31.    Denied.

32.    Denied.  The allegations set forth in Paragraph 32 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

33.    Denied.  The allegations set forth in Paragraph 33 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

34.    Denied.  The allegations set forth in Paragraph 34 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

35.    Denied.  The allegations set forth in Paragraph 35 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. Defendants are without sufficient knowledge or information to admit or deny the allegations in

7

the second sentence of Paragraph 35 and therefore deny the same. To the extent a further response is required, Defendants deny these allegations.

36.    Denied. The allegations set forth in Paragraph 36 are either conclusory statements to which no response is required or are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny these allegations.

37.    Denied.

38.    Denied. Defendants expressly deny that USM ever made any payment for participation in any Phase II auctions, and so was never owed any compensation for such a payment. To the extent a further response is required, Defendants deny these allegations.

39.    Denied in part and admitted in part. Defendants admit that TEG registered as a potential bidder for the FCC's Phase II Auction No. 24 and that it was the successful bidder for one Phase II license in that auction. Defendants also admit that it did not register USM as a potential bidder in the Phase II Auction No. 24. Defendants are without sufficient knowledge or information to admit or deny whether Shorin assisted Elkin as alleged in the first sentence of Paragraph 39 and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

E.    **Elkin's Piecemeal Sale of USM Assets**

40.    Denied in part and admitted in part. The allegations in Paragraph 40 are denied as conclusions of law to which no response is required. For further answer, the allegations in Paragraph 40 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that USM entered into an agreement with Repeater Network Spectrum Aq., Inc. or an affiliate or related entity for the

8

sale of licenses in which USM had an interest. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 40.

41.    Denied in part and admitted in part. Defendants admit only that at all times, Elkin– acting at all times in his capacity as the sole director, officer, and majority stockholder of USM–was willing to sell any or all of USM's assets for the right price. Defendants deny the remaining allegations in Paragraph 41.

42.    Denied in part and admitted in part. The allegations in paragraph 42 are denied as conclusions of law to which no response is required. For further answer, the allegations in paragraph 42 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that USM entered into an agreement with Roamer One, Inc. or an affiliate or related entity for the sale of licenses in which USM had an interest. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 42.

43.    Denied in part and admitted in part. The allegations in Paragraph 43 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that USM entered into an agreement with Roamer One, Inc. or an affiliate or related entity for the sale of licenses in which USM had an interest. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 43.

44.    Denied in part and admitted in part. These allegations are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that USM entered into an agreement with  Roamer or an affiliate

9

or related entity for the sale of licenses in which USM had an interest. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 44.

45.    Denied in part and admitted in part. The allegations set forth in the first sentence of Paragraph 45 are based on a document that speaks for itself and therefore no response is required and any characterization thereof is denied. Defendants admit only that a $20,5000 receivable noted in one or more of USM's tax returns was erroneously denominated as a loan to a stockholder, which was later corrected. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 45.

46.    Denied.

47.    Denied.

48.    Denied.

**F.    The Elkin Group's Transfer of USM's Phase I and II Licenses**

49.    Denied in part and admitted in part. The allegations set forth in Paragraph 49 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that TEG entered into an agreement with Repeater or an affiliate or related entity for the sale of a Phase II license in which USM had no interest. Defendants also admit the sale was consummated. Defendants deny the remaining allegations in Paragraph 49.

50.    Denied in part and admitted in part. The allegations set forth in Paragraph 50 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Subject to and without waiving the foregoing, Defendants admit only that TEG or Elkin received an amount, upon information and belief, that was less than $65,000 from Repeater for a Phase II Miami license. With regard to the second sentence of this

10

paragraph, Defendants deny that either Norman or USM was entitled to any compensation as a result of this transaction. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 50.

51.    Denied in part and admitted in part. The allegations in paragraph 51 are denied as conclusions of law to which no response is required. For further answer, the allegations in paragraph 51 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit only that TEG entered into an agreement with Roamer One, Inc. or an affiliate or related entity for the sale of licenses in which USM had no interest and that sale was consummated. Defendants deny the remaining allegations in Paragraph 51.

52.    Denied in part and admitted in part. The allegations set forth in Paragraph 52 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Subject to and without waiving the foregoing, Defendants admit only that TEG or Elkin received an amount of money from Roamer for two Phase II Boston licenses. With regard to the second sentence of this Paragraph, Defendants deny that either Norman or USM was entitled to any compensation as a result of this transaction. Defendants deny the remaining allegations in Paragraph 52.

53.    Denied in part and admitted in part. The allegations set forth in Paragraph 53 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Subject to and without waiving the foregoing, Defendants admit that Elkin, acting at all times in his capacity as the sole director, officer, and majority stockholder of USM, entered into a negotiation for the sale of three (3) Phase I licenses in New York City with Elite Limousine Plus, Inc. ("Elite"). Defendants further admit that the sale never

11

closed. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 53.

54.    Denied.

**G.    Elkin's Attempt at a Cover-Up**

55.    Denied. The allegations set forth in Paragraph 55 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 55.

56.    Denied in part and admitted in part. Many of the allegations set forth in Paragraph 56 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Subject to and without waiving the foregoing, Defendants deny the allegations in the first sentence of Paragraph 56. Defendants admit only that Elkin obtained approximately $600,000 in repayment of money he advanced or paid on behalf of USM and which he treated as stockholder loans. Defendants deny the remaining allegations in Paragraph 56.

57.    Denied. The allegations set forth in Paragraph 57 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 57.

58.    Denied. The allegations set forth in Paragraph 58 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 58.

12

59.   Denied.

60.   Denied.

61.   Denied. The allegations set forth in Paragraph 61 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 61.

62.   Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence of Paragraph 62 and therefore deny the same. Defendants deny the allegations in the second sentence of Paragraph 62.

63.   Denied.

64.   Denied.

65.   Denied in part and admitted in part. Defendants admit only that any repayment of stockholder loans to Elkin was based on loans or advances of money Elkin made to or for the benefit of USM. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 65.

66.   Denied in part and admitted in part. The allegations set forth in the first two sentences of Paragraph 66 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. Defendants admit the allegations in the third sentence of Paragraph 66. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 66.

67.   Denied. The allegations set forth in Paragraph 67 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is

13

denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 67.

68.    Denied. The allegations set forth in Paragraph 68 are denied as conclusions of law or as conclusory statements to which no response is required. To the extent a further response is required, Defendants deny these allegations.

69.    Denied in part and admitted in part. Defendants admit only that the amount of Elkin's paid in capital captured, in part, expenses paid or incurred by Elkin for the benefit of USM. Defendants deny that Norman was able to substantiate $14,000, or any part thereof, in expenses he purportedly advanced on behalf of USM and that were noted in USM's financial documents for a period of time. Defendants further deny that their treatment of expenses advanced by stockholders tended to overstate changes in stockholder capital to the detriment of Norman. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 69.

70.    Denied. The allegations set forth in Paragraph 70 are denied as conclusions of law to which no response is required. For further answer, these allegations are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied. To the extent a further response is required, Defendants deny the allegations in Paragraph 70.

**H.    Elkin's Unilateral Distributions and Capital Drawdowns**

71.    Denied in part and admitted in part. Defendants admit only that Shorin was responsible for the preparation and filing of USM's tax returns from 2002 to the present. The remaining allegations set forth in Paragraph 71 are denied as conclusions of law to which no

14

response is required.  To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 71.

72.     The allegations set forth in Paragraph 72 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied.  For further answer, Defendants deny the implication that any proceeds from the sale of Phase II licenses should have been channeled through USM's accounts or treated as USM's revenues.  To the extent a further response is required, Defendants deny the allegations in Paragraph 72.

73.     The allegations set forth in Paragraph 73 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied.  Subject to and without waiving the foregoing, Defendants deny the implication that Norman was entitled to any distribution, proportional or otherwise.  To the extent a further response is required, Defendants deny the allegations in Paragraph 73.

74.     The allegations set forth in Paragraph 74 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied.  Subject to and without waiving the foregoing, Defendants deny the implication that Norman was entitled to any distribution, proportionate or otherwise, or any reimbursement of capital.  Defendants deny the allegations and characterizations set forth in the fourth sentence of Paragraph 74.  To the extent a further response is required, Defendants deny the allegations in Paragraph 74.

75.     Denied in part and admitted in part.  The allegations set forth in the first sentence of Paragraph 74 are based on documents that speak for themselves and therefore no response is required and any characterization thereof is denied.  Defendants admit only that Norman did not receive any cash distributions in 2001, but expressly deny the implication that Norman was

15

entitled to any distribution. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 75.

76. Denied in part and admitted in part. Defendants admit only that Elkin, acting at all times in his capacity as the sole director, officer, and majority stockholder of USM has transferred, sold, or otherwise disposed of a number of wireless licenses and/or rights pursuant to management agreements over the past decade. The allegations set forth in the second sentence of Paragraph 76 are denied as conclusions of law to which no response is required. For further answer, Defendants deny Norman's characterizations of the allegations set forth in the second sentence of Paragraph 76, including but not limited to Norman's characterization that he is entitled to any stockholder or other distributions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in third sentence of Paragraph 76 and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 76.

I. **Alter Ego Allegations**

77. The allegations set forth in Paragraph 77 are denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations.

78. Denied.

79. Denied.

80. Denied in part and admitted in part. Defendants admit only that USM's and TEG's headquarters were located at the same address as Mr. Elkin's residence. Defendants deny the remaining allegations in Paragraph 80.

81. Denied. The allegations set forth in Paragraph 81 are denied as conclusions of law to which no response is required. Subject to and without waiving the foregoing, Norman's

16

characterizations of these allegations are also denied. To the extent a further response is required, Defendants deny these allegations.

**J.    Demand Futility Allegations**

82.    The allegations set forth in Paragraph 82 are denied as conclusions of law to which no response is required. Subject to and without waiving the foregoing, Defendants deny the allegations set forth in the second sentence of Paragraph 82. To the extent a further response is required, Defendants deny these allegations.

**Causes of Action**
**Count I**
**Breach of Contract**
**(Against Elkin)**

83.    Denied.

84.    Denied. The allegations set forth in Paragraph 84 are denied as conclusions of law to which no response is required. Subject to and without waiving the foregoing, Defendants expressly deny that Norman performed all of his obligations to USM and Elkin, that Norman is the owner of 25% of the common stock of USM, that Elkin has failed to provide Norman with the access to which he is entitled to USM's records, that Norman is entitled to any distribution, that Elkin failed to contribute his required capital, and that USM was entitled to any of the Phase II licenses. To the extent a further response is required, Defendants deny these allegations.

85.    Denied.

**Count II**
**Declaratory Relief**
**(Against all Defendants)**

86.    Denied. The allegations set forth in Paragraph 86 are denied as conclusions of law to which no response is required.

17

87.     Denied.  The allegations set forth in Paragraph 87 are denied as conclusions of law to which no response is required.  Subject to and without waiving the foregoing, Defendants expressly deny that Norman is entitled to any of the relief he requests in this paragraph.  To the extent a further response is required, Defendants deny these allegations.

### Count III
### Usurpation of Corporate Opportunities
### (Against Elkin)

88.     Denied.

89.     Denied.  The allegations set forth in Paragraph 89 are denied as conclusions of law to which no response is required. To the extent a further response is required, Defendants deny these allegations.

90.     Denied.  The allegations set forth in Paragraph 90 are denied as conclusions of law to which no response is required. To the extent a further response is required, Defendants deny these allegations.

91.     Denied.  The allegations set forth in Paragraph 91 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

92.     Denied.  The allegations set forth in Paragraph 92 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

122138.00601/40159626v.1

## Count IV
### Breach of the Fiduciary Duties of Loyalty, Care and Good Faith Dealing
### (Against Elkin)

93.    Denied.  The allegations set forth in Paragraph 93 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

94.    Denied.  The allegations set forth in Paragraph 94 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

95.    Denied.

## Count V
### Breach of the Fiduciary Duty of Disclosure
### (Against Elkin)

96.    Denied.  The allegations set forth in Paragraph 96  are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

97.    Denied.  The allegations set forth in Paragraph 97 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

98.    Denied.

19

122138.00601/40159626v.1

## Count VI
## Conversion and Misappropriation
## (Against Elkin and The Elkin Group)

99.    Denied.  The allegations set forth in Paragraph 99  are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

100.    Denied.  The allegations set forth in Paragraph 100  are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

101.    Denied.  The allegations set forth in Paragraph 101 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

## Count VII
## Fraud
## (Against Elkin)

102.    Denied.

103.    Denied.

104.    Denied.  The allegations set forth in Paragraph 104 are denied as conclusions of law to which no response is required.  To the extent a further response is required, Defendants deny these allegations.

105.    Denied.

106.    Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore deny those allegations.  For further

20

answer, Defendants deny the implication that any representation by Elkin was false. To the extent a further response is required, Defendants deny these allegations.

107.    Denied. The allegations set forth in Paragraph 107 are denied as conclusions of law to which no response is required. To the extent a further response is required, Defendants deny these allegations.

**Count VIII**
**Aiding and Abetting Elkin's Breach of Fiduciary Duties**
**(Against Shorin)**

108.    Denied. The allegations set forth in Paragraph 108 are denied as conclusions of law to which no response is required. To the extent a further response is required, Defendants deny these allegations.

109.    Denied. The allegations set forth in Paragraph 109 are denied as conclusions of law to which no response is required. To the extent a further response is required, Defendants deny these allegations.

110.    Denied in part and admitted in part. The allegations set forth in the first sentence of Paragraph 110 are denied as conclusions of law to which no response is required. Defendants admit only that Shorin was largely responsible for the preparation and filing of USM's tax returns from 2002 to the present. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 110.

21

**Count IX**
**Unjust Enrichment**
**(Against Elkin and the Elkin Group)**

111.    Denied.  The allegations set forth in Paragraph 111 are denied as conclusions of law to which  no response is required.  To the extent a further response is required, Defendants deny these allegations.

112.    Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

113.    Plaintiff fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

114.    Plaintiff's claims for damages against Elkin are barred in whole or in part by Section 102(b)(7) of the Delaware General Corporation Law and Article Seven of USM's Certificate of Incorporation.

### THIRD AFFIRMATIVE DEFENSE

115.    Plaintiff's claims for damages against Defendants are barred in whole or in part by Section 327 of the Delaware General Corporation Law.

### FOURTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims against Defendants are barred by statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

117.    Plaintiff's claims against Defendants are barred in whole or in part by laches.

22

## SIXTH AFFIRMATIVE DEFENSE

118.    Plaintiff's breach of contract claims are barred by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

119.    Plaintiff's claims against Defendants are barred in whole or in part by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

120.    Plaintiff's claims against Defendants are barred in whole or in part by the Doctrine of Waiver.

## NINTH AFFIRMATIVE DEFENSE

121.    Plaintiff's claims are barred in whole or in part as a result of failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

122.    Plaintiff's claims are barred in whole or in part as a result of want of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

123.    In the event Plaintiff proves himself entitled to any return of capital or distribution of money from USM–or damages of any kind from any Defendant herein–Elkin is entitled to a set-off against any such award measured by the amount of money necessary to reasonably compensate him for services he rendered over the past twelve years or more to, and for the benefit of, USM and its shareholders, including Norman, and for which Elkin has never received any compensation of any kind.

124.    Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action. Defendants hereby specifically deny any allegations contained in the Amended Complaint which were not specifically admitted.

## DEFENDANTS' COUNTERCLAIM

Defendants assert the following counterclaim against Plaintiff:

24

122138.00601/40159626v.1

## COUNT I
### Declaratory Relief

125.    This Court has jurisdiction to render declaratory relief pursuant to 28 U.S.C. § 2201 and 10 Del. C. § 6501, *et seq.*

126.    Elkin and Norman always agreed that their stock ownership in USM would be proportionate to their actual equity investments.

127.    Elkin and Norman originally agreed that Elkin would invest $750,000 in USM and that Norman would invest $250,000 and that these initial investments would result in Elkin owning 75% and Norman owning 25% of USM's then outstanding shares.

128.    Elkin complied with the agreement and contributed $750,000 in equity in USM.  In addition, over time, Elkin also advanced additional money to the company to enable USM to pay certain operating and capital expenses (as to which he is entitled to repayment as alleged herein).

129.    Norman, on the other hand, failed to contribute his $250,000 in USM as he had agreed.  Rather, Norman initially only invested $200,000 in USM.  In addition, Norman withdrew a little over $60,000 of his initial investment from USM, thereby diminishing his total actual equity investment in USM to a little less than $140,000.

130.    Based on the foregoing facts and others alleged herein, Elkin is entitled to relief as follows:

        (a)    a declaration that Norman's shares in USM should be cancelled or forfeited due to his failure to provide the required $250,000 capital contribution for his 25% ownership in USM;

        (b)    in the alternative, a declaration that Norman's ownership interest in USM should be reduced to reflect his actual capital contribution;

25

(c)    in the alternative, a declaration that Norman should be required to contribute sufficient additional capital to bring his capital contribution to the $250,000 he agreed upon and promised;

(d)    in either event, a declaration that Elkin's capital contribution should be exactly three times Norman's capital contribution to reflect the parties' agreement regarding their respective ownership percentages;

(e)    a declaration that any advancement of money or expenses by Elkin beyond his required capital contribution in USM should be deemed stockholder loans to USM; and/or

(f)    in the alternative, a declaration that, to the extent the Court determines that Elkin's advancement of money and expenses for the benefit of USM above and beyond his required capital contribution should not be treated as loans subject to repayment, any such advancement of money and expenses should be treated as additional paid in capital by Elkin, and Norman's and Elkin's ownership percentages in USM should reflect the parties' actual respective capital contributions.

131.    Elkin is also entitled to recovery of his costs as the Court may deem equitable and just, including but not limited to costs of suit, expenses, attorneys' fees, and expert fees.

## PRAYER

**WHEREFORE**, with respect to Plaintiff's claims, Defendants respectfully request that (i) Plaintiff recover nothing, (ii) this Court enter a judgment in Defendants' favor in all respects, including an award for all of their costs and expenses (including reasonable attorneys' fees), (iii) in the event Plaintiff is awarded any amount of money, granting Defendants an offset for the

26

Case 1:06-cv-00005-JJF   Document 5   Filed 02/01/2006   Page 27 of 28

reasonable value of Elkin's unpaid efforts and work on behalf of and for the benefit of USM, and (iv) Defendants be granted such other and further relief as to which the Court may deem just and proper.

**FURTHER,** with respect to Elkin's counterclaim, Elkin respectfully requests that the Court declare (i) that Norman's interest in USM never fully vested, should be set aside or placed in a constructive trust, or forfeited, (ii) or, in the alternative, reduce Norman's ownership in USM to reflect his actual capital contribution, (iii) or, in the alternative, require Norman to contribute sufficient additional capital to bring his total capital contribution to $250,000, (iv) and treat Elkin's payment of money on behalf of USM over and above his capital contribution as stockholder loans, (v) or, in the alternative, treat those amounts as additional paid in capital and adjust Norman's and Elkin's respective ownership percentages accordingly, and (vi) award Elkin his attorneys' fees, costs, and expenses; and (vii) award such other and further relief as to which the Court may deem just and proper.

BLANK ROME LLP

Steven L. Caponi
Delaware Bar No. 3484
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington DE 19801
Telephone: (302) 425-6400

Attorneys for Defendants David W. Elkin, Richard M. Shorin, The Elkin Group, Inc., and Nominal Defendant US MobilComm, Inc.

27

122138.00601/40159626v.1

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, do hereby certify that a true and correct copy of the foregoing

Defendants' Answer, Affirmative Defenses To Amended Complaint And Counterclaim was

served on this 1st day of February, 2006 on the following counsel of record:

> Sean J. Bellew
> David A. Felice
> Cozen O'Connor
> 1201 North Market Street, Suite 1400
> Wilmington, Delaware 19801

> _____
> Steven L. Caponi (DSBA No. 3484)

28