IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-005-JJF |
| DAVID W. ELKIN, RICHARD M. SHORIN and THE ELKIN GROUP, INC. | : | Jury Trial Demanded |
| Defendants, | : | |
| and | : | |
| US MOBILCOMM, INC., | : | |
| Nominal Defendant. | : | |

**MOTION TO ENLARGE THE TIME TO DEPOSE
THE PLAINTIFF, EXCHANGE INITIAL DISCLOSURES
AND PROPOUND LIMITED WRITTEN DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 6(b), 26, and 37, and Local Rules 16.2 and 37.1, Defendants David W. Elkin ("Elkin"), Richard M. Shorin, and The Elkin Group (collectively "Defendants") hereby respectfully request that the Court enlarge the time for Defendants to take limited fact discovery, including the deposition of the Plaintiff, Jeffrey M. Norman ("Norman"), the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.2, and some narrowly focused discovery designed to ascertain the timing of Plaintiff's knowledge of his claims.

1.      The parties to this action have been litigating for nearly two years over an entity that, for all practical purposes, is defunct. During that time, the parties have not pursued litigation aggressively in light of the amount of money at stake and the company's imminent demise.

1

2. After litigating a 220 action for over a year, the Plaintiff, the only USM minority shareholder, filed this action against USM's majority (and only other) shareholder. After removal from Chancery Court, this Court entered a Rule 16 Scheduling Order on March 1, 2006 ("Scheduling Order") and a pretrial conference followed shortly thereafter.

3. Pursuant to the Scheduling Order, the parties were required to exchange initial disclosures by April 14, 2006. Motions to join other parties were due by May 7, 2006. Fact discovery was to have been "commenced so as to be completed by September 22, 2006." The upcoming two deadlines in the order are October 17 (for Plaintiff's expert designation) and December 1 (Defendants' expert designation). Currently, there is no setting for the pretrial conference or trial.

4. Since the initial pretrial conference on March 8, 2006, the parties never exchanged initial disclosures, requested or provided any fact discovery (until Plaintiff's written discovery on August 23), filed any motions, or sought to amend their pleadings or join new parties.

5. Plaintiff's lack of activity was not particularly surprising because Defendants have always believed Plaintiff's claims not only lacked merit, they were also time-barred. On the face of the complaint, nearly every allegedly wrongful act took place by March 2001, at the latest, and many took place as early as 1997 and 1998. Thus, by the time this complaint was filed in December 2005, the vast majority – if not all – of Norman's claims were barred by the statute of limitations.

6. Therefore, in light of their view of the merits of the case and Plaintiff's inactivity to date, Defendants chose to be reactive. In addition, because USM has no capital to speak of and the individuals are funding the litigation, Defendants understandably were

reluctant to incur the time and expense of proactively drafting and propounding discovery requests and deposing fact witnesses until it was clear they would need such discovery.

7. The very first time Defendants heard from the Plaintiff about discovery since the March 8, 2006 pretrial conference was when the Plaintiff hand-delivered written discovery requests exactly thirty days before the close of discovery, on August 23.

8. Since it finally appeared that the Plaintiff may indeed prosecute his claims, Defendants sent an e-mail to Plaintiff's counsel on September 20, 2006 asking for dates for the Plaintiff's deposition. *See* Exhibit A, a true and correct copy of an e-mail string between Defendants' counsel and Plaintiff's counsel. Of course, Defendants could have noticed the deposition for September 22, 2006 at the Plaintiff's residence and the deposition would have been timely under the Scheduling Order. However, instead of unilaterally serving such a notice, Defendants endeavored in good faith to work out the timing and location of the deposition by agreement.

9. Instead of responding and scheduling the deposition by agreement, the Plaintiff ignored Defendants' request until October 3, when counsel for the Plaintiff finally responded, stating that the Defendants "are not entitled to Mr. Norman's deposition." *See* Exhibit A. Norman's counsel also claimed that "[b]y not noticing the deposition at a point where it could have been completed prior to September 22, 2006, you waived your right to it," even though the deposition was sought prior to the discovery deadline. *Id.* Apparently, the Plaintiff believes that Defendants "are not entitled to any professional courtesies in light of [Defendants'] actions in connection with the cancellation, without explanation, of the mediation."[1] *See* Exhibit A.

---

[1] The mediation referred to was a failed effort by the parties to retain a private mediator to resolve the dispute. The parties did not cancel a Court ordered mediation before Magistrate Thynge.

3

10. Defendants filed this motion as soon as the Plaintiff explicitly refused to appear for his deposition and implicitly refused to provide any other discovery.

11. Defendants hereby request an extension of time for the Defendants to conduct some limited, targeted discovery. In particular, Defendants request an order enlarging the time to take the deposition of the Plaintiff (until November 30), to exchange initial disclosures that were due by April 14 (until October 31), and to propound some narrowly focused written discovery designed to ascertain the timing of Plaintiff's knowledge of his claims (to be served by October 13).

12. This request should be granted because Defendants asked for Norman's deposition timely (even if only barely), there is no prejudice to the request, the delay was understandable in light of the circumstances, no other deadlines are impacted, and the only reason to oppose the modest discovery at issue is to seek an unfair advantage and avoid a resolution on the merits. This discovery not only should significantly streamline the trial, it may obviate the trial altogether.

For these reasons, Defendants respectfully ask the Court to extend the time to depose the Plaintiff until November 30, 2006, to exchange initial disclosures until October 31, and for Defendants to propound limited written discovery until October 13. Defendants also ask for any and all other relief to which they may be entitled.

Dated: October 6, 2006                     Respectfully submitted,

                                           /s/ Steve L. Caponi
                                           Steven L. Caponi (DE ID No. 3484)
                                           Blank Rome LLP
                                           Chase Manhattan Centre
                                           1201 Market Street, Suite 800
                                           Wilmington DE 19801
                                           Telephone: (302) 425-6400
                                           Facsimile: (302) 425-6464

Mark A. Evetts
Berg & Androphy
3704 Travis Street
Houston, Texas 77002-9550
Telephone: (713) 529-5622
Facsimile: (713) 529-3785

*Attorneys for Defendants David W. Elkin, Richard M. Shorin, The Elkin Group, Inc., and Nominal Defendant US MobilComm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded on this 6th day of October, 2006 to the following counsel of record:

>Sean J. Bellew, Esquire
>David A. Felice, Esquire
>Cozen O'Connor
>1201 North Market Street, Suite 1400
>Wilmington DE 19801
>Telephone: (302) 295-2000
>Facsimile: (302) 295-2013

/s/ Steven L. Caponi
Steven L. Caponi (DE ID No. 3484)