IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY M. NORMAN, :
:
Plaintiff, :
:
v. : C.A. No. 06-005-JJF
:
DAVID W. ELKIN, RICHARD M. SHORIN :
and THE ELKIN GROUP, INC. : Jury Trial Demanded
:
Defendants, :
:
and :
:
US MOBILCOMM, INC., :
:
Nominal Defendant. :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO DEPOSE THE PLAINTIFF, EXCHANGE INITIAL DISCLOSURES AND PROPOUND LIMITED WRITTEN DISCOVERY**

Plaintiff Jeffrey M. Norman ("Norman") hereby responds in opposition to Defendants' Motion to Enlarge the Time to Depose the Plaintiff, Exchange Initial Disclosures and Propound Limited Discovery as follows:

**Parties**

1. Norman is an individual and a minority shareholder in Nominal Defendant, US MobilComm, Inc. ("USM"), a Delaware corporation.

2. Defendant David W. Elkin ("Elkin") is the sole other and majority shareholder of USM. Elkin is an officer and director of USM.

3. Defendant The Elkin Group, Inc. is a Pennsylvania corporation. Elkin is the only shareholder of the Elkin Group, Inc.

4. Defendant Richard M. Shorin is a current or former officer of USM.

## Background

5.  The current lawsuit has its genesis in a books and records complaint filed on November 16, 2004 by Norman against USM pursuant to 8 *Del. C.* § 220 (the "Section 220 Action"). (Attached hereto and marked as Exhibit "A" is the docket from the Section 220 Action.) The Section 220 Action was predicated on a demand letter dated October 25, 2004 (the "Demand Letter"). (Attached hereto and marked as Exhibit "B" is a copy of the Demand Letter.)

6.  USM, in the person of Elkin, vehemently defended the Section 220 Action, seeking to avoid the production of the documents called for in the Demand Letter. In this connection, USM filed two separate motions to dismiss and aggressively defended Norman's Section 220 claims through discovery and a trial conducted by Vice Chancellor Parsons on August 23, 2005.

7.  After the trial, the Court chided Elkin for his behavior in connection with managing USM, stating:

> It's pretty clear to me there is a credible basis here for inferring possible mismanagement on the part of Mr. Elkin. It's incredibly sloppy record keeping. He is engaged in self-dealing transactions in connection with the licenses, the decision to make the license go from USM to the Elkin Group. Obviously, he is on both sides of that transaction. He is a controlling shareholder, and he doesn't do anything to see whether things are being done fairly. Maybe I'm missing something in terms of corporate law, but at this point it can't be any clearer.

(Section 220 Trial Transcript, p. 219, excerpts attached hereto as Exhibit "C".) Moreover, the Court indicated that it was "very much inclined to be granting the 220 relief in pretty broad form," and invited the parties to work out a stipulated order and final judgment based upon this admonition. (Exhibit "C", at p. 221.)

8.  Realizing that the Court would order broad production anyway, USM, through Elkin, ultimately agreed to a Stipulated Order and Final Judgment (the "Order"). The Court of

Chancery signed the Order on October 3, 2005. (Attached hereto and marked as Exhibit "D" is a copy of the Order.) The Order called for the production of essentially all existing documents responsive to Norman's Demand Letter.

9. Thereafter, Norman filed the instant action initially in the Delaware Court of Chancery on December 2, 2005. Defendants filed a Notice of Removal removing the matter to this Court on January 3, 2006.

10. The Court's Rule 16 Scheduling Order, entered March 1, 2006, provided that "[a]ll fact discovery, including exchange and completion of interrogatories, and deposition of all fact witnesses and documents production, shall be commenced so as to be completed by **September 22, 2006**." (Court's Rule 16 Scheduling Order, at p. 2, attached hereto as Exhibit "E") (Bold in original).

11. In prosecution of this matter, and to supplement the wealth of information USM produced as required by the Court of Chancery's Order in the Section 220 Action, Norman served Interrogatories, Requests for Production and Requests for Admissions. In addition, Norman noticed on two occasions the depositions of both Elkin and Shorin.[1] Norman's discovery efforts were in full compliance with the Rule 16 Scheduling Order.

12. By contrast, the Defendants made no effort to initiate discovery such that their sought discovery could be completed in compliance with the Court's Rule 16 Scheduling Order. Defendants only effort at all in attempting to build a defense to this case was to request on September 20, 2006 – just two days before discovery was required to be completed – information regarding the availability of Norman for a deposition. By this point, Defendant could not have properly noticed the deposition of Norman in accordance with this Court's local rules such that

---

[1] Elkin and Shorin failed to present for their depositions noticed for October 17, 2006, an issue Norman has brought to the Court's attention. (Attached hereto and marked as Exhibit "F" are the related e-mail correspondence.)

3

the deposition could have been completed in compliance with the Rule 16 Scheduling Order. (See District of Delaware, L.R. 30.1.)

### Argument

13. As a consequence of their inexcusable failure to conduct any discovery in this matter in compliance with the Court's order, Defendants bring the current motion seeking relief from the discovery cut-off date.

14. Federal Rule of Civil Procedure Rule 6(b), provides, in pertinent part:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

15. Defendants present no basis to excuse their neglect in taking no discovery in defense of this action. In support of their motion, Defendants contend that "the parties have not pursued litigation aggressively in light of the amount of money at stake and the company's imminent demise." (Defendants' Motion, p. 1.) Moreover, Defendants state that "in light of [Defendants'] view of the merits of the case and Plaintiff's inactivity to date, Defendants chose to be reactive." (Defendants' Motion, p. 2.) These contentions are: (1) contrary to the history of the litigation between the parties and (2) provide no basis to support any excusable neglect on the part of the Defendants.

16. Norman has actively litigated this dispute stemming back to the filing of the Section 220 Action almost two years ago. In the same vein, Defendants defended that litigation vehemently. Ultimately, the Court of Chancery signed off on broad production of USM's books and records and essentially required the production of all the documents that could have been called for in discovery in the instant matter. Norman has spent in excess of $50,000 in

prosecuting the Section 220 Action and the current action – a fact of which Defendants are well aware because of Norman's Petition for an Award of Fees in the Section 220 Action.

17.  Moreover, despite Defendants' attempt to downplay their exposure and to characterize USM as defunct, Defendants Elkin and Shorin are well aware that their personal exposure could reach in excess of $1,000,000.00 should Norman succeed on his claims.

18.  More tellingly, Defendants provide no argument that their failure to conduct any discovery at all prior to the expiration of the discovery cut-off date was the result of excusable neglect. The United States Court of Appeals for the Third Circuit has identified factors that the court should consider in examining whether "good cause" and "excusable neglect" exist for purposes of Rule 6(b): "1) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence; or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance." Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988).

19.  An application of the Dominic factors makes it clear that Defendants cannot demonstrate any modicum of "good cause" or "excusable neglect." Defendants find themselves in this position as a result of their own complete lack of diligence in attempting to conduct any discovery and because of their attempts to stonewall Norman's efforts to litigate his claims.

WHEREFORE, Plaintiff Jeffrey M. Norman respectfully asks the Court to deny Defendants' Motion.

Dated: October 23, 2006

                                       /s/                     
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiff*