# EXHIBIT B

# Jeffrey M. Norman

October 25, 2004

*Via Certified Mail, Return Receipt Requested*
US MobilComm, Inc.
805 Bryn Mawr Avenue
Newtown Square, PA 19703

*Via Hand Delivery*
US MobilComm, Inc.
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Re:   **Inspection of Stocklist Materials and Other Company Records**

Dear Sirs:

Jeffrey Norman ("Norman") is the record owner of shares of the common stock of U.S. MobilComm, Inc. (the "Company"), a Delaware corporation. As a common stockholder of the Company, Norman hereby demands, pursuant to Section 220 of the General Corporation Law of the State of Delaware and the common law of the State of Delaware, the right to inspect, no later than November 2, 2004, the following documents and records of the Company and to make copies or abstracts therefrom:

(a)   A complete record or list of the Company's stockholders, certified by the Company or its transfer agent, showing the names and addresses of each stockholder and the number of shares of stock registered in the name of each such stockholder;

(b)   All daily transfer sheets showing changes in the names, addresses and number of shares of the Company's stockholders which are in or come into the possession of the company or its transfer agent, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies or voting trustees or their nominees, from January 1997 to the present;

(c)   Any documents relating to the sale or disposition of any assets or stock of the Company from January 1997 to the present and the distribution or use of any proceeds of any such sales or disposition;

(d)   All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all bids or offers to purchase or acquire (whether or not accepted) licenses or any other property of the Company, including but not limited to any bids, offers, expressions of interest in connection with wide area auctions or other auctions conducted or sponsored by the Federal Communication Commission or any other governmental, private or quasi-governmental entity from January 1997 to the present;

(e) All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all reports or recommendations of financial advisors that the Company relied upon to approve the sale or disposition of any assets or stock of US MobilComm from January 1997 to the present;

(f) All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all loans, borrowings or other financings made on behalf of or for the benefit of the Company from January 1997 to the present;

(g) Copies of any and all minutes from the Company's board of directors meetings, committee meetings or special committee meetings held from January 1997 to the present;

(h) Copies of all balance sheets, ledger accounts and/or statements of operation for the Company from January 1997 to the present;

(i) Copies of any and all correspondence to or from David W. Elkin or the Elkin Group in the care, custody or control of the Company; and

(j) The information and records specified in the foregoing paragraphs as of any record date for stockholder action set by the Company's board of directors, by operation of law or otherwise, and should include all depository omnibus proxies and respondent bank proxies as of such record dates.

Norman further demands that modifications, additions or deletions to any and all information referred to in paragraphs (a) through (i) above be immediately furnished to Norman as such modifications, additions, or deletions become available to the Company or its agents or representatives.

Norman will bear the reasonable costs incurred by the Company in connection with the production of the above information.

The purpose of this demand is to enable Norman to determine whether the Company acted properly in disposing of assets of the Company, whether the Company acted properly in distributing proceeds from sale transactions and otherwise to assess the propriety of management decisions.

Norman has designated Cozen O'Connor, and any other person designated by Norman and Cozen O'Connor, acting together, singly or in any combination, to conduct, as its agents, the inspection and copying requested herein.

Please advise Norman's counsel, Sean J. Bellew of Cozen O'Connor, at 302.295.2026, as promptly as practicable when and where the items demanded above will be made available to Norman. Please also advise Norman's counsel immediately whether you voluntarily will supply the requested information.

Very truly yours,

By: _____
JEFFREY NORMAN

SWORN TO AND SUBSCRIBED
before me this ___ day of October, 2004.

_____
Notary Public

DONALD W. RICHARDS
Notary Public, State of New York
No. 01RI6011202
Qualified in Kings County
Commission Expires Dec. 10, 20__

My commission expires _____

WILM1\27690\1 099997.000

## POWER OF ATTORNEY

KNOW ALL MEN that Jeffrey Norman ("Norman") does hereby make, constitute and appoint Cozen O'Connor and its directors, officers, employees, agents and other persons designated by Cozen O'Connor his true and lawful attorneys-in-fact and agents for him in his name, place and stead, giving and granting unto said attorneys and agents full power and authority to act on his behalf, as a Stockholder of US MobilComm, Inc., to seek the production and to engage in the inspection and copying of records and documents of every kind and description, including, without limitation, stocklist materials, the certificate of incorporation and amendments thereto, minutes, bylaws and amendments thereto and any other business records relating to US MobilComm, Inc.

Norman reserves all rights on his part to do any act which said attorneys hereby are authorized to do or perform. This Power of Attorney may be terminated by Norman or said attorneys by written notice to the other.

By: _____
   JEFFREY NORMAN

SWORN TO AND SUBSCRIBED
before me this 22 day of October, 2004.

_____
Notary Public
              DONALD W. RICHARDS
              Notary Public, State of New York
              No. 01RI6011202
              Qualified in Kings County
My commission expires   Commission Expires Dec. 10, 20__

WILM1\27692\1 099997.000

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>U.S. MobilComm, Inc.<br>805 Bryn Mawr Ave.<br>Newtown Square, PA<br>19703 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☒ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 2410 0002 0690 4991 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | .60 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Postmark Here

Sent To: U.S. MobilComm, Inc.
Street, Apt. No.; or PO Box No.: 805 Bryn Mawr Avenue
City, State, ZIP+4: Newtown Square PA 19703

PS Form 3800, June 2002    See Reverse for Instructions

7002 2410 0002 0690 4991