# EXHIBIT F

## Bellew, Sean

| | |
|---|---|
| **From:** | Bellew, Sean |
| **Sent:** | Tuesday, October 17, 2006 2:33 PM |
| **To:** | jjf_civil@ded.uscourts.gov |
| **Cc:** | Mark A. Evetts; scaponi@blankrome.com; Felice, David A. |
| **Subject:** | Norman v. Elkin et al., 06-005 JJF |
| **Importance:** | High |

Judge Farnan:

    We are counsel for Plaintiff, Jeffrey M. Norman. Pursuant to paragraph 8(d) of the Court's Rule 16 Scheduling Order, we write to address an issue that requires the Court's immediate attention. Defendants are represented by Mark Evetts and Steven Caponi, both of whom are copied on this e-mail.

    The depositions of defendants, David W. Elkin and Richard M. Shorin ("Defendants"), were scheduled for this morning in our Wilmington office. Defendants did not present for those depositions. These depositions were originally scheduled for September 6 and 7, 2006. Counsel for Defendants informed us that these original dates were not convenient. Accordingly, we agreed to re-notice the depositions for a date identified as convenient by counsel for Defendants - to wit, October 17, 2006. On September 28, 2006, we properly re-noticed the depositions in accordance with the Court's rules. Counsel for Defendants received the proper notice of the depositions. We learned late yesterday afternoon that Defendants did not plan on attending the depositions today.

    Defendants' complete disregard of the notices of deposition and, more generally, of this Court's Rule 16 Scheduling Order creates a need for the Court's immediate intervention. Plaintiff's expert report is due today. Plaintiff would be severely prejudiced if he is required to divulge his expert's opinion prior to being able to properly cross-examine the Defendants. At that same time, mediation statements are due to Magistrate Thynge by Friday of this week, October 20, 2006, in advance of the mediation scheduled for Thursday, November 2, 2006. Plaintiff is prevented from providing Her Honor with a meaningful mediation statement in the absence of Defendants' sworn deposition testimony in this matter.

    Defendants' attempts to avoid being subject to the depositions are for obvious reasons. The current matter stems from a books and records action brought in the Court of Chancery pursuant to 8 Del. C. § 220. After extensive discovery in that matter and a full-blown trial before Vice-Chancellor Parsons, the Court concluded: *"[i]t's pretty clear to me there is a credible basis here for inferring possible mismanagement on the part of Mr. Elkin. It's incredible sloppy record keeping. He is engaged in self-dealing transactions in connection with the licenses, the decision to make the license go from USM to the Elkin Group. Obviously, he is on both sides of that transaction. He is a controlling shareholder, and he doesn't do anything to see whether things are being done fairly. Maybe I'm missing something in terms of corporate law, but at this point it can't be any clearer."* (Trial Transcript, p. 219.) Plaintiff has attempted to add to an already strong case against Defendants. Defendants have done nothing to build a defense, instead relying on their efforts to derail the process.

    Wherefore, Plaintiff requests an order (1) compelling Defendants to present for depositions in Wilmington forthwith and (2) allowing Plaintiffs to serve their expert report at some reasonable time after the depositions are conducted. We stand ready at the call of the Court.

Sean J. Bellew, Esquire
COZEN O'CONNOR
Chase Manhattan Centre

10/23/2006

1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2026 (direct)
(302) 295-2013 (fax)

**Bellew, Sean**

| | |
|---|---|
| From: | Mark A. Evetts [MEvetts@bafirm.com] |
| Sent: | Tuesday, October 17, 2006 4:30 PM |
| To: | jjf_civil@ded.uscourts.gov |
| Cc: | scaponi@blankrome.com; Felice, David A.; Bellew, Sean |
| Subject: | RE: Norman v. Elkin et al., 06-005 JJF |
| Attachments: | Depo Dates |

Judge Farnan,

    I am counsel for the defendants, along with Steven Caponi of Wilmington, Delaware.  Let me first apologize for involving the Court in discovery and scheduling matters that could and should have been handled by counsel.  Although plaintiff's counsel has apparently taken the position that no professional courtesies are due or will be extended in this case, I do not share that view.  I offered counsel for the plaintiff two dates for Mr. Shorin's deposition and three dates for Mr. Elkin's deposition just this morning, all within the next thirty days.  I am also willing to agree that plaintiff's expert report may be served some reasonable period of time after concluding those two depositions, although I cannot understand how the depositions of Messrs. Elkin and Shorin could have any impact on plaintiff's expert report, as the depositions were scheduled for today, the same day the report was due.  Finally, I am also willing to extend the deadline for the mediation statement and/or the mediation, although we continue to believe it will be fruitless in any event.  Significantly, the plaintiff never requested an extension of either of those two deadlines of me or Mr. Caponi before presenting their motion below to the Court.  That should end the need for the Court's intervention, just as surely as it could have been resolved had plaintiff's counsel made any effort to confer with defendants' counsel before filing their motion.

    If the Court nonetheless decides to reach merits, I respond as follows to the plaintiff's substantive allegations.  The parties to this action have been litigating for nearly two years.  I became involved only after the 220 action had been tried and shortly before plaintiff filed the complaint presently before the Court.  From the very first, as soon as I became involved in the case, both Mr. Caponi and I told plaintiff's counsel that I would be lead trial counsel and we also both asked plaintiff's counsel to serve me with any and all papers because Mr. Caponi would not be actively involved in the case.  Unfortunately, that has never occurred.

    As a result, I learned about the original deposition dates of September 6 and 7 when Mr. Felice e-mailed me the day before, on September 5, to ask me if I was planning to present my clients the next day.  Since plaintiff's counsel had failed to confer with either Mr. Caponi or myself prior to the notices, and because Mr. Caponi mistakenly believed I had been served with notices of the depositions pursuant to

our requests, neither I nor my clients had any knowledge of the September 6 and 7 depositions until September 5. As a result, we were unable to attend on the notice we were provided. Shortly thereafter, on September 8, I offered Mr. Bellow about half the days in October to re-schedule the depositions, a copy of which offer is attached. He never responded to my e-mail.

I just learned yesterday that plaintiff's counsel unilaterally picked a date out of a possible fifteen or so, some twenty days after I made the offer, and then filed notices of the depositions with the Court on September 28. Again, plaintiff's counsel failed to confer with Mr. Caponi or myself regarding whether that date would still work after plaintiff's twenty-day delay, where the deposition would take place, or anything else. Plaintiff's counsel also again refused to serve me with notices of those depositions, and Mr. Caponi was unaware of them. And, once again, I learned about the depositions from an e-mail sent by Mr. Felice yesterday afternoon about 2:30. Even though I have already offered dates in the next three or four weeks, plaintiff's counsel has instead elected to file the instant motion.

Plaintiff's suggestion that we are trying to avoid presenting these parties for their deposition is without merit. Both of these parties have already been deposed in the 220 action and Mr. Elkin also testified at the trial of that action. And, all of USM's books and records have been turned over to Mr. Norman for some time. Moreover, much of the information was known to Mr. Norman well before the 220 action, and Mr. Norman has done nothing to bring his claims for years. As for my alleged failure "to build a defense," the only defense that will likely be needed is that all of the plaintiff's claims are barred by the statute of limitations, as the face of the complaint makes clear. Indeed, defendants are preparing a motion for summary judgment at the present time addressed exclusively to that defense.

Mr. Caponi and I both apologize for not communicating better between ourselves and we will take appropriate steps to make sure there are no similar future miscommunications. We hope, however, that in whatever order is issued, that order will also remind plaintiff's counsel that conferring with opposing counsel is mandated by the Court's rules, and for good reason. These issues could have been resolved easily if plaintiff's counsel had deigned to pick up a telephone and talk to me or Mr. Caponi.

For these reasons, Defendants respectfully ask the Court to enter an order referring the matters in dispute back to the parties and their counsel until such time as their obligations to try to resolve these matters have been met and those efforts have failed. Defendants also respectfully request any other relief to which they may be entitled.

Mark A. Evetts
Berg & Androphy
713-529-5622 (Office)
713-480-3586 (Mobile)
713-529-3785 (Fax)

10/23/2006

Web page http://www.bafirm.com
E-mail mevetts@bafirm.com

THE INFORMATION CONTAINED IN THIS MESSAGE IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE USE OF THE ABOVE NAMED RECIPIENT. ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR WORK PRODUCT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE.

---

**From:** Bellew, Sean [mailto:SBellew@cozen.com]
**Sent:** Tuesday, October 17, 2006 1:33 PM
**To:** jjf_civil@ded.uscourts.gov
**Cc:** Mark A. Evetts; scaponi@blankrome.com; Felice, David A.
**Subject:** Norman v. Elkin et al., 06-005 JJF
**Importance:** High

Judge Farnan:

    We are counsel for Plaintiff, Jeffrey M. Norman. Pursuant to paragraph 8(d) of the Court's Rule 16 Scheduling Order, we write to address an issue that requires the Court's immediate attention. Defendants are represented by Mark Evetts and Steven Caponi, both of whom are copied on this e-mail.

    The depositions of defendants, David W. Elkin and Richard M. Shorin ("Defendants"), were scheduled for this morning in our Wilmington office. Defendants did not present for those depositions. These depositions were originally scheduled for September 6 and 7, 2006. Counsel for Defendants informed us that these original dates were not convenient. Accordingly, we agreed to re-notice the depositions for a date identified as convenient by counsel for Defendants - to wit, October 17, 2006. On September 28, 2006, we properly re-noticed the depositions in accordance with the Court's rules. Counsel for Defendants received the proper notice of the depositions. We learned late yesterday afternoon that Defendants did not plan on attending the depositions today.

    Defendants' complete disregard of the notices of deposition and, more generally, of this Court's Rule 16 Scheduling Order creates a need for the Court's immediate intervention. Plaintiff's expert report is due today. Plaintiff would be severely prejudiced if he is required to divulge his expert's opinion prior to being able to properly cross-examine the Defendants. At that same time, mediation statements are due to Magistrate Thynge by Friday of this week, October 20, 2006, in advance of the mediation scheduled for Thursday, November 2, 2006. Plaintiff is prevented from providing Her Honor with a meaningful mediation statement in the absence of Defendants' sworn deposition testimony in this matter.

    Defendants' attempts to avoid being subject to the depositions are for obvious reasons. The current matter stems from a books and records action brought in the Court of Chancery pursuant to 8 Del. C. § 220. After extensive discovery in that matter and a full-blown trial before Vice-Chancellor Parsons, the Court concluded: *"[i]t's pretty clear to me there is a credible basis here for inferring possible mismanagement on the part of Mr. Elkin. It's incredible sloppy record keeping. He is engaged in self-dealing transactions in connection with the licenses, the decision to make the license go from USM to the Elkin Group. Obviously, he is on both sides of that transaction. He is a controlling shareholder, and he doesn't do anything to see whether things are being done fairly. Maybe I'm missing something in terms of corporate law, but at this point it can't be any clearer."* (Trial Transcript, p. 219.) Plaintiff has attempted to add to an already strong case against Defendants. Defendants have done nothing to build a defense, instead relying on their efforts to derail the process.

    Wherefore, Plaintiff requests an order (1) compelling Defendants to present for depositions in Wilmington forthwith and (2) allowing Plaintiffs to serve their expert report at some reasonable time after the depositions are conducted. We stand ready at the call of the Court.

10/23/2006

Sean J. Bellew, Esquire
COZEN O'CONNOR
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2026 (direct)
(302) 295-2013 (fax)

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

10/23/2006