IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-005-JJF |
| DAVID W. ELKIN, RICHARD M. SHORIN and THE ELKIN GROUP, INC., | : | Jury Trial Demanded |
| Defendant, | : | |
| and | : | |
| U.S. MOBILCOMM, INC. | : | |
| Nominal Defendant. | : | |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER REGARDING
DEFENDANTS' CONTINUED DEPOSITION OF THE PARTY-PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Jeffrey M. Norman ("Plaintiff"), presents this motion for a protective order to quash Defendants David W. Elkin, Richard M. Shorin and The Elkin Group, Inc.'s (collectively, "Defendants") Notice to depose Plaintiff on February 23, 2007. In support of this motion, Defendant sets forth the following:

1.    Plaintiff seeks an order quashing Defendants' Notice to take his deposition for a second day for two (2) principal reasons. First, Defendants' second Notice of Plaintiff's deposition comes over two months after the December 22, 2006 fact discovery deadline set in this Court's Amended Rule 16 Scheduling Order (amended pursuant to Defendants' request). Second, Defendants' proposed course of action would unfairly prejudice Plaintiff's trial preparation and work to provide Defendants with an inequitable substantive advantage as Defendants seek to continue Plaintiff's deposition: (i) four weeks after Plaintiff served his expert report; (ii) following Plaintiff's four (4)

separate attempts to accommodate Defendants' request to continue Plaintiff's deposition prior to service of his expert report; (iii) a full one week after Defendants filed a motion for summary judgment; and (iv) after Defendants deposed Plaintiff's testifying expert.

FACTS

2.    This action was initiated by Plaintiff on December 2, 2005 when a complaint was filed with the Delaware Court of Chancery.    On January 3, 2006, Defendants removed the action to this Court based on diversity jurisdiction.  (D.I. 1).

3.    On March 1, 2006 the Court entered its Rule 16 Scheduling Order which established a discovery deadline of September 22, 2006.  (D.I. 10).

4.    On October 6, 2006 without ever submitting a single interrogatory, request for production or Notice of Deposition, Defendants presented their Motion for an Extension of Time to complete discovery.  (D.I. 20).  Through their Motion, Defendants requested that the Court enter an order enlarging the time to take Plaintiff's deposition until November 30, 2006.  (D.I. 20 at ¶ 11).

5.    The Court granted Defendants Motion for an Extension and required that the parties file a stipulated proposed Rule 16 Scheduling Order no later than November 9, 2006.  (D.I. 24).

6.    On November 14, 2006 the Court approved the parties' Amended Rule 16 Scheduling Order which unequivocally stated that "[a]ll fact discovery, including exchange and completion of interrogatories, and <u>depositions of all fact witnesses</u> and document production, <u>shall be commenced so as to be completed by December 22, 2006</u>."  (D.I. 26) (emphasis added).

7.    In an effort to accommodate defense counsel's travel plans and coordinate fact depositions, Plaintiff's deposition was scheduled during the same trip defense counsel defended the depositions of David Elkin and Richard Shorin. With knowledge of

Plaintiff's time constraints, Defendants noticed Plaintiff's deposition to commence at 7:00 in the morning on December 8, 2007. (D.I. 33). Although Plaintiff and counsel were present for a 7:00 start time, defense counsel's office was locked. Despite the logistical problems, Defendants questioned Plaintiff for over four (4) hours on December 8, 2006. At the conclusion of Plaintiff's December 8, 2006 deposition, Defendants stated that they intended to recall Plaintiff as a witness to complete his deposition.

8.      From December 8 through December 21, 2006, Defendants never communicated any interest or intent to continue Plaintiff's deposition. On December 21, 2006 Plaintiff wrote Defendants stating that since no communications were received about Plaintiff's deposition and fact discovery was due to close the next day, Plaintiff assumed Defendants decided not to proceed with Plaintiff's deposition. (December 21, 2006 email from David A. Felice to Mark A. Evetts (attached as Exhibit 1 at pp. 4-5)). Plaintiff continued by stating that if Defendants did intend to continue Plaintiff's deposition, that it be completed by December 31, 2006 as Plaintiff would be "working to assemble fact discovery and focusing on expert reports" after that date. (Exhibit 1 at p. 4).

9.      In response to Plaintiff's email request, Defendants indicated that December 29 or 30 were appropriate dates only if "Mr. Norman or [Plaintiff's law] firm wants to pay my [Mark Evetts'] travel expenses to wherever the continuation of [Plaintiff's] deposition will occur." (December 22, 2006 email from Mark A. Evetts to David A. Felice (Exhibit 1 at p. 4)).

10.     Plaintiff responded to Defendants' request by stating that Plaintiff would be made available in either New York City or Wilmington, Delaware on December 29 or 30, but Plaintiff would not pay for Defendants' out-of-state counsel's travel expenses. (December 22, 2006 email from David A. Felice to Mark A. Evetts (Exhibit 1 at p. 3)).

This was the first instance Plaintiff attempted to schedule a continuation of the deposition.

11.    Receiving only an off-handed comment concerning anticipated discovery responses but no confirmation as to whether Defendants intended to continue Plaintiff's deposition on December 29 or 30, Plaintiff again wrote to Defendants. This time, Plaintiff suggested that if Defendants' required an additional week or two to review documents and schedule Plaintiff's deposition, that such an accommodation would be acceptable. (December 28, 2006 email from David A Felice to Mark A. Evetts (Exhibit 1 at p. 2). Plaintiff again raised the expert disclosure deadline as the reason to complete fact discovery as soon as was practicable.    To this end, Plaintiff suggested a corresponding extension of his expert disclosure deadline to afford Defendants the two additional weeks to schedule Plaintiff's deposition. (*Id.*). This was the second instance Plaintiff attempted to schedule a continuation of the deposition.

12.    Defendants were not inclined to even respond to this second offer.  On January 2, 2007, Plaintiff wrote to Defendant in a third attempt to schedule the deposition in conjunction with anticipated expert disclosures.

> Pursuant to the Court's November 3, 2006 Order and the parties' amended scheduling order, it was the intent and expectation of both the parties and the Court that fact discovery would be completed prior to the exchange of expert reports.  Given your expressed intention to continue Mr. Norman's deposition at a date yet unknown, we will not be serving our expert report(s) this Friday.  We require seven (7) additional days from the date you complete Mr. Norman's deposition within which to serve our expert report(s).  We expect that you will provide us with possible dates for Mr. Norman's deposition by the end of this week such that it can be completed no later than January 19.   We will be happy to give defendants a corresponding extension for their expert report(s).

(January 2, 2007 email from David A. Felice to Mark A. Evetts (Exhibit 1 at p. 2)).  This was the third instance Plaintiff attempted to schedule a continuation of the deposition.

4

13.    Defendants responded by suggesting that the conclusion of fact discovery is not tied to the disclosure of expert reports. (*See* January 2, 2007 email from Mark A. Evetts to David A. Felice (Exhibit 1 at p. 1)). Defendants proposed that if Plaintiff needed additional time to issue an expert report, an extension could be afforded as a matter of professional courtesy. (*Id.*).

14.    Based on the foregoing, Plaintiff indicated that his expert report would be served by January 26, 2007. Given the extension of the expert disclosure deadline, Plaintiff expressly stated that "[d]uring this time, we expect that defendants will complete Jeff's [Plaintiff] deposition. Please provide me with dates you are available to complete the deposition and I will confirm those dates with our client." (January 3, 2007 email from David A. Felice to Mark A. Evetts (Exhibit 1 at p. 1)). This was the fourth instance Plaintiff attempted to schedule a continuation of the deposition. Defendant did not respond to this fourth and final invitation to schedule Plaintiff's deposition.

15.    On January 26, 2007 Plaintiff served Defendants with the expert report of his forensic accounting expert Martin H. Abo, CPA/ABV, CVA. Pursuant to an agreement between the parties, Defendants deposed Mr. Abo on February 22, 2007. (*See* D.I. 40).

16.    On February 8, 2007, Defendants filed a Notice to continue Plaintiffs' on February 23, 2007. (D.I. 41) (attached as Exhibit 2).

17.    The proposed February 23, 2007 date for Plaintiff's deposition is: (i) more than two months after the Court ordered fact discovery completed; (ii) one month after Plaintiff served his expert report; (iii) one week after Defendants filed their motion for summary judgment; and (iv) one day after Defendants completed the deposition of Plaintiff's testifying expert, Martin Abo.

18.     Pursuant to Rule 26(c) and D. Del. LR 7.1.1, undersigned counsel certifies that it conferred in good faith with Defendants in an effort to resolve this dispute without court action. The parties' efforts failed to resolve this dispute at the time this motion was required to be filed.

ARGUMENT

A.     Defendants Did Not Submit a Second Request for an Extension of Fact Discovery Prior To Noticing Plaintiff's Deposition

19.     A protective order must issue prohibiting a second day of deposition as Defendants' Notice of Deposition comes over two months after the December 22, 2006 deadline set forth in this Court's Amended Rule 16 Scheduling Order and Defendants did not first seek leave of Court for such discovery.

20.     When it became apparent that Defendants could not depose Plaintiff prior to the close of the initial discovery deadline (and Plaintiff would not agree to submit to a deposition when Defendants failed to timely notice the deposition), they requested that the Court grant them an extension until November 30, 2006 to complete the deposition. (D.I. 20 at ¶ 11).    Thereafter, the parties agreed (through the proposed Amended Scheduling Order) to extend fact discovery to December 22, 2006. (D.I. 26).

21.     When Defendants were unable to complete the deposition in the five (5) hours Plaintiff was made available, Defendants expressed an intent to continue the deposition at a later date. However, Defendants failed to exercise reasonable diligence to schedule the continued deposition prior to the December 22, 2006 discovery deadline.

22.     The Court has the authority under Rule 26(b) to limit discovery where the party seeking the discovery "has had ample opportunity by discovery in the action to obtain the information sought." *See also Heron v. Potter*, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006) (denying a party discovery where he had other discovery tools and opportunities available to ascertain the relevant facts). Despite an initial extenstion of

6

three (3) months to complete deposition and four (4) separate attempts Plaintiff undertook to schedule and conclude Plaintiff's deposition outside the discovery window, Defendants failed to exercise reasonable diligence to complete Plaintiff's deposition in the three (3) additional months of discovery and or failed to exercise reasonable prudence when they refused to accept any of Plaintiffs' four (4) offers to schedule the deposition prior to expert disclosures. Accordingly, the Court should enter an appropriate protective order.

B.    The Requested Discovery will Unfairly Prejudice Plaintiff's Trial Preparation

23.    Defendants' apparently deliberate dilatory effort to schedule Plaintiff's deposition works to prejudice Plaintiff's preparation for summary judgment and eventual trial on the merits. Defendants propose to continue Plaintiff's deposition: (i) four weeks after Plaintiff served his expert report; (ii) after four (4) separate attempts Plaintiff undertook to accommodate Defendants' request to continue Plaintiff's deposition prior to service of his expert report; (iii) a full one week after Defendants filed a motion for summary judgment; and (iv) one day after Defendants conducted the deposition of Plaintiff's testifying expert.

24.    Defendants' proposed course of action would unfairly prejudice Plaintiff's efforts to address the recently filed summary judgment motion and prepare this matter for eventual trial. Moreover, it would be inequitable to permit Defendants' dilatory efforts to possibly provide them a substantive benefit by deposing a party-witness after summary judgment briefing has commenced, after the disclosure of expert reports and following the deposition of a testifying expert. Accordingly, the Court should enter an appropriate protective order.

Dated: February 22, 2007

David A. Felice

Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY M. NORMAN,                         :
                                           :
            Plaintiff,                     :
                                           :
     v.                                    :    C.A. No. 06-005-JJF
                                           :
DAVID W. ELKIN, RICHARD M. SHORIN          :
and THE ELKIN GROUP, INC.,                 :    Jury Trial Demanded
                                           :
            Defendant,                     :
                                           :
     and                                   :
                                           :
U.S. MOBILCOMM, INC.                       :
                                           :
            Nominal Defendant.             :
                                           :

## ORDER

WHEREAS, Plaintiff Jeffrey M. Norman presented a Motion for a Protective Order to quash Defendants' Notice of Plaintiff's deposition;

WHEREAS, Plaintiff presented for a deposition for a total of five (5) hours during the time allotted for fact discovery in this matter;

WHEREAS, Defendants failed to exercise reasonable diligence to schedule Plaintiff's continued deposition prior to the fact discovery deadline or following four (4) attempts Plaintiff made to schedule the deposition prior to the service of his expert report; and

WHEREAS, the Court determines that good cause exists for the entry of a protective order;

IT IS HEREBY ORDERED this _____ day of _____, 2007 that Defendants' Notice of Plaintiff's deposition is quashed.

_____
United States District Judge

# EXHIBIT 1

**Felice, David A.**

| | |
|---|---|
| **From:** | Felice, David A. |
| **Sent:** | Wednesday, January 03, 2007 10:31 AM |
| **To:** | 'mevetts@houston.rr.com' |
| **Cc:** | Bellew, Sean; Caponi, Steven L. |
| **Subject:** | RE: RE: Norman v. Elkin |

Mark:

I will not attempt to convince you that our position is correct, but I'm sure you can understand that it would be unfair for defendants to have our expert report prior to concluding Jeff's fact deposition.

To the extent you require Plaintiff request an extension to achieve these ends, then please allow this to serve as our request for a three week extension to serve our expert report(s) (January 26, 2007). During this time, we expect that defendants will complete Jeff's deposition. Please provide me with dates you are available to complete the deposition and I will confirm those dates with our client. Finally, please let us know when you would like to stop around to review the documents being made available to defendants pursuant to their document requests. Thank you.

David

-----Original Message-----
From: mevetts@houston.rr.com [mailto:mevetts@houston.rr.com]
Sent: Tuesday, January 02, 2007 5:31 PM
To: Felice, David A.
Cc: Bellew, Sean; Caponi, Steven L.
Subject: Re: RE: Norman v. Elkin

David,

I fail to see how the continuation of your client's deposition impacts in any way your ability to prepare and serve plaintiff's expert report timely. Your client has concluded all the fact discovery he has sought -- and thus presumably needs -- in this case. Thus, either the plaintiff has obtained whatever factual support he needs from third parties or such support is completely within the plaintiff's possession. Put another way, there is nothing your client could possibly say in the continuation of his deposition that he cannot say in the form of an affidavit.

Since I cannot discern a plausible or credible connection between the continuation of your client's deposition and plaintiff's expert deadline, I can only conclude from your email below that the plaintiff is simply not prepared to serve his expert report in accordance with the parties' stipulated scheduling order. If you need some additional time, feel free to give me a call; I am sure we can work with you as a matter of professional courtesy. However, if you intend to stand on the position set out in your email below -- that is, that your obligation to serve an expert report is somehow tied temporally to the continuation of Mr. Norman's deposition -- we vehemently disagree and will seek all appropriate remedies if we do not receive your expert submission by this Friday.

Mark

----- Original Message -----
From: "Felice, David A." <DFelice@cozen.com>
Date: Tuesday, January 2, 2007 3:03 pm
Subject: RE: Norman v. Elkin
To: Mark Evetts <mevetts@houston.rr.com>
Cc: "Bellew, Sean" <SBellew@cozen.com>, "Caponi, Steven L."
<Caponi@BlankRome.com>

> Mark:
>
> We have still not heard back from you on this issue.  Pursuant to the
> Court's November 3, 2006 Order and the parties' amended scheduling
> order, it was the intent and expectation of both the parties and the
> Court that fact discovery would be completed prior to the exchange of
> expert reports.  Given your expressed intention to continue Mr.
> Norman'sdeposition at a date yet unknown, we will not be serving our
> expert
> report(s) this Friday.  We require seven (7) additional days from the
> date you complete Mr. Norman's deposition within which to serve our
> expert report(s).  We expect that you will provide us with possible
> dates for Mr. Norman's deposition by the end of this week such that it
> can be completed no later than January 19.  We will be happy to give
> defendants a corresponding extension for their expert report(s).
>
> Please respond to this email so we do not have to involve the court in
> this matter any further.  Thank you.
>
> David
>
> _____
>
> From: Felice, David A.
> Sent: Thursday, December 28, 2006 3:41 PM
> To: 'Mark Evetts'
> Cc: Bellew, Sean; 'Caponi, Steven L.'
> Subject: RE: Norman v. Elkin
>
>
> Mark:
>
> Apart from your comments below, I have not heard back from you about
> continuing Mr. Norman's deposition on December 29 or 30.  Also, we
> havenot heard from you about coming in to review the documents
> responsive to Defendants' document requests.  If you need an
> additional week or two and review the documents and schedule Mr.
> Norman's deposition, we will entertain such a request, but we will
> require a corresponding extensionof the deadline to serve our expert
> report(s).  Please let me know.
> Thank you.
>
> David
>
> _____
>
> From: Mark Evetts [mailto:mevetts@houston.rr.com]
> Sent: Friday, December 22, 2006 4:36 PM
> To: Felice, David A.
> Cc: Bellew, Sean; 'Caponi, Steven L.'
> Subject: RE: Norman v. Elkin
>
>
>
> David,
>

\>
\>
\> Before I respond, I will wait to see your client's discovery
\> responses.If they are as I expect they will be, I will surely be
\> making a couple of trips to Wilmington in the near future.
\>
\>
\>
\> Mark
\>
\>
\>
\> _____
\>
\> From: Felice, David A. [mailto:DFelice@cozen.com]
\> Sent: Friday, December 22, 2006 3:24 PM
\> To: Mark Evetts
\> Cc: Bellew, Sean; Caponi, Steven L.
\> Subject: RE: Norman v. Elkin
\>
\>
\>
\> Mark:
\>
\> I do not intend to specifically respond to your characterizations of
\> Mr.
\> Norman's deposition, my email or the parties' discovery conduct in
\> thisaction.  However, I do want to state that we disagree with your
\> position.
\>
\>
\>
\> Mr. Norman will be available in Wilmington, Delaware or New York City
\> for Defendants to complete his deposition (given the time
\> remaining) on
\> December 29 or 30.  Neither Plaintiff nor this firm will pay for your
\> travel expenses.  Your clients are properly parties to a Delaware
\> actionand assert a counterclaim for affirmative relief in the
\> litigation.  The fact that you reside in Texas is not our problem.
\>
\>
\>
\> Please advise at your earliest convenience as to which date and
\> locationworks best with your schedule.  Thank you.
\>
\>
\>
\> David
\>
\>
\>
\> _____
\>
\> From: Mark Evetts [mailto:mevetts@houston.rr.com]
\> Sent: Friday, December 22, 2006 2:42 PM
\> To: Felice, David A.

> Cc: Bellew, Sean; 'Caponi, Steven L.'
> Subject: RE: Norman v. Elkin
>
> David,
>
>
>
> Why do you guys always take such a "Rambo litigation" approach to
> everything in this case?? Mr. Norman's deposition was never
> "concluded," as you well know. That it wasn't falls squarely on you
> and your client since you only made him available until noon. Thus, I
> am not just interested in completing his deposition, I am entitled to.
> However, as Sean and I had an agreement to schedule your client's
> deposition when I had to be in Philadelphia or Delaware anyway, and
> your client was only available for a few hours on my only trip since
> reachingthat agreement (and to get those few hours, I had to travel to
> New York), I expect to schedule the completion of his deposition on my
> nexttrip to that part of the country.  In light of this history,
> and the
> agreement Sean and I had regarding not running up expenses
> unnecessarily, your position that his deposition must be concluded by
> December 31 (or not at all) is both ridiculous and arbitrary.
> However,if Mr. Norman or your firm wants to pay my travel expenses to
> wherever the continuation of his deposition will occur and your
> client's upcomingdiscovery responses and document production are
> complete and timely, including the documents in the custody of Baker
> McKinzie and Winston & Strawn, I can make myself available to complete
> the deposition by December 31.  I am available either December 29 or
> 30.  Let me know.
>
>
>
> Mark
>
>
>
> _____
>
> From: Felice, David A. [mailto:DFelice@cozen.com]
> Sent: Thursday, December 21, 2006 3:45 PM
> To: mevetts@houston.rr.com
> Cc: Bellew, Sean; Caponi, Steven L.
> Subject: Norman v. Elkin
>
>
>
> Mark:
>
> At the conclusion of Jeff Norman's deposition, you indicated an
> interestto continue his deposition at a later date.  That was almost
> two weeks ago and we have not heard from you since that time.  Since
> you have not requested to continue Mr. Norman's deposition and fact
> discovery is due to close tomorrow, we assume you have decided not to
> pursue Mr.
> Norman'sdeposition any further.
>

4

>
>
> If we are mistaken and you do, in fact, want to continue Mr. Norman's
> deposition, we require that the deposition be completed (with the
> approximately 2 hours you have remaining) by December 31.  We will not
> entertain nor consent to any request to continue his deposition in
> 2007,as we will be working to assemble fact discovery and focusing on
> expert reports.  Thank you and enjoy your holiday.
>
>
>
> David
>
>
>
> David A. Felice
> Cozen O'Connor
> 1201 North Market Street
> Wilmington, Delaware 19801
> 302-295-2011 (voice)
> 866-776-8911 (direct fax)
>
>
>
>
>
> _____
>
> Notice: To comply with certain U.S. Treasury regulations, we inform
> you that, unless expressly stated otherwise, any U.S. federal tax
> advice contained in this e-mail, including attachments, is not
> intended or written to be used, and cannot be used, by any person for
> the purpose of avoiding any penalties that may be imposed by the
> Internal Revenue Service.
>
> _____
>
> Notice: This communication, including attachments, may contain
> information that is confidential and protected by the attorney/client
> or other privileges. It constitutes non-public information intended to
> be conveyed only to the designated recipient(s). If the reader or
> recipientof this communication is not the intended recipient, an
> employee or agent of the intended recipient who is responsible for
> delivering it to the intended recipient, or you believe that you have
> received this communication in error, please notify the sender
> immediately by return
> e-mail and promptly delete this e-mail, including attachments without
> reading or saving them in any manner. The unauthorized use,
> dissemination, distribution, or reproduction of this e-mail, including
> attachments, is prohibited and may be unlawful. Receipt by anyone
> otherthan the intended recipient(s) is not a waiver of any
> attorney/client or other privilege.
>

> _____
>
>

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 06-005-JJF |
| | § | |
| DAVID W. ELKIN, RICHARD M. | § | |
| SHORIN and THE ELKINS GROUP, INC. | § | Jury Trial Demanded |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| US MOBILCOMM, INC., | § | |
| | § | |
| Nominal Defendant. | § | |

## NOTICE OF CONTINUANCE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, the undersigned will continue to take the December 8, 2006 oral deposition of **Jeffrey M. Norman** on **Friday, February 23, 2007 at 10:00 a.m.** This deposition will take place at the offices of Blank Rome, 1201 North Market Street, Suite 800, Wilmington, DE 19801, before an officer authorized to take such deposition.

The deposition shall continue from day to day until completed, and it will be recorded by stenographic means and may be videotaped.

1

Dated: February 9, 2007

BLANK ROME LLP

_/s/ Steven L. Caponi_
Steven L. Caponi (DE Bar ID 3484)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Attorneys for Defendants David W. Elkin,
Richard M. Shorin, The Elkin Group, Inc.,
and Nominal Defendant US MobilComm,
Inc.

Co-Counsel:

Mark A. Evetts
8502 Jackson Creek Bend Lane
Humble, Texas 77396
Telephone: (281) 458-6914
Facsimile: (713) 458-0326

2

122138.00601/40167157v.1

## CERTIFICATE OF SERVICE

I , Steven L. Caponi, hereby certify that on this 9th day of February, 2007, I caused a true and correct copy of the foregoing *Notice of Continuance of Deposition* to be served electronically on the following counsel of record:

> Sean J. Bellow
> David A. Felice
> Cozen O'Connor
> 1201 North Market Street, Suite 1400
> Wilmington DE 19801
> Telephone: (302) 295-2000
> Facsimile: (302) 295-2013

*/s/ Steven L. Caponi*
Steven L. Caponi (DE Bar ID 3484)

3

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Steven L. Caponi, Esquire
> Blank Rome LLP
> 1201 N. Market Street, Suite 800
> Wilmington, DE 19801

David A. Felice (#4090)