# EXHIBIT A

Case 1:06-cv-00005-JJF    Document 52-2    Filed 04/10/2007    Page 1 of 8

EFiled: Nov 16 2004 10:33AM EST
Filing ID 4612850

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JEFFREY M. NORMAN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: |
| v. : | |
| : | |
| US MOBILCOMM, INC., : | |
| a Delaware corporation, : | |
| : | |
| Defendants. : | |

### COMPLAINT PURSUANT TO 8 *DEL. C.* § 220

Plaintiff, Jeffrey M. Norman ("Norman"), by his attorneys, Cozen O'Connor, for his complaint against Defendant, US MobilComm, Inc. ("US MobilComm" or the "Company"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. This action is brought pursuant to Section 220 of the Delaware General Corporation Law, 8 *Del. C.* § 220, and seeks relief in the form of an Order compelling US MobilComm to make available to Norman for inspection and copying the Company's stock ledger as well as certain books and records of the Company.

### PARTIES

2. Norman is an individual and shareholder of US MobilComm. He is a citizen of the State of Connecticut and resides at 202 Weed Street, New Canaan, Connecticut.

3. US MobilComm is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 805 Bryn Mawr Avenue, Newtown Square, Pennsylvania. US MobilComm is the owner of, inter alia, (a) a number of Federal Communications Commission ("FCC") licenses and systems, and (b) various equipment used to effectuate and commercialize these FCC licenses.

## JURISDICTION

4. The Court of Chancery has exclusive jurisdiction over this action pursuant to 8 *Del C* § 220.

5. By letter dated October 25, 2004 (Certified Mail, Return Receipt Requested), Norman made a written demand upon US MobilComm at its principal place of business, under oath and pursuant to Section 220, to allow his agents to inspect and copy the Company's stock ledger as well as certain of the Company's books and records (the "Demand," attached hereto as Exhibit "A"). The Demand was at the same time hand-delivered on the Company's registered agent in Delaware, Corporation Service Company. (Attached hereto as Exhibit "B" is the confirmation of hand delivery.)

6. Specifically, the Demand set forth requests for the following:

   a. A complete record or list of the Company's stockholders, certified by the Company or its transfer agent, showing the names and addresses of each stockholder and the number of shares of stock registered in the name of each such stockholder;

   b. All daily transfer sheets showing changes in the names, addresses and number of shares of the Company's stockholders which are in or come into the possession of the company or its transfer agent, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies or voting trustees or their nominees, from January 1997 to the present;

   c. Any documents relating to the sale or disposition of any assets or stock of the Company from January 1997 to the present and the distribution or use of any proceeds of any such sales or disposition;

   d. All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all bids or offers to purchase or acquire (whether or not accepted) licenses or any other property of the Company, including but not limited to any bids offers, expressions of interest in connection with wide area auctions or other auctions conducted or sponsored by the FCC or any other government, private or quasi-governmental entity from January 1997 to the present;

   e. All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all reports or recommendations of financial advisors that the Company relied upon to

2

        approve the sale or disposition of any assets or stock of US MobilComm from January 1997 to the present;

f.    All information in the possession or control of the Company or which may be reasonably obtained by the Company concerning any and all loans, borrowings or other financings made on behalf of or for the benefit of the Company from January 1997 to the present;

g.    Companies of any and all minutes from the Company's board of directors meetings held from January 1997 to the present;

h.    Copies of all balance sheets, ledger accounts and/or statements of operation for the Company from January 1997 to the present;

i.    Copies of any and all correspondence to or from David W. Elkin or the Elkin Group in the care, custody or control of the Company; and,

j.    The information and records specified in the foregoing paragraphs as of any record date for stockholder action set by the Company's board of directors, by operation of law or otherwise, including all depository omnibus proxies and respondent bank proxies as of such record dates.

7.    The purposes for which Norman seeks inspection are proper under Section 220 and Delaware law. As set forth in the Demand, the purposes are "to enable Norman to determine whether the Company acted properly in disposing of assets of the Company, whether the Company acted properly in distributing proceeds from sale transactions and otherwise to assess the propriety of management decisions."

8.    The foregoing purposes for the requested inspection are reasonably related to Norman's interests as a shareholder of the Company, and the books and records sought are narrowly tailored to serve those purposes.

9.    Norman has complied with the form and manner of making a demand as set forth under Section 220.

10.    More than five business days have elapsed since the Demand was served on US MobilComm and the Company has refused to permit the requested inspection.

11.    By reason of the foregoing, Norman is entitled to the inspection sought in the Demand, and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey M. Norman respectfully requests that this Honorable Court enter an Order pursuant to Section 220 as follows:

    a.    Summarily requiring Defendant US MobilComm, Inc. to permit Plaintiff and/or his agents to inspect and copy the materials requested in the Demand;

    b.    Awarding Plaintiff his cost and expenses, including reasonable attorneys' fees, in connection with this action; and,

    c.    Granting such other relief as this Court shall deem necessary, just and proper.

Dated: November 12, 2004

COZEN O'CONNOR

By: _____
Sean J. Bellew (DE No. 4072)
David A. Felice (DE No. 4090)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Attorneys for Plaintiff Jeffrey M. Norman*

# EXHIBIT B



**GRANTED**    EFiled: Oct 20 2006 10:35AM EDT
Transaction ID 12684169

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JEFFREY M. NORMAN,           :
                             :
        Plaintiff,            :
                             :
v.                           :    C.A. No. 849-N
                             :
US MOBILCOMM, INC.,          :
                             :
        Defendant.            :

## ORDER

WHEREAS, on October 27, 2005, plaintiff, Jeffrey M. Norman ("Plaintiff") filed his motion for attorneys' fees and costs (the "Motion") against defendant, US Mobilcomm, Inc. ("Defendant");

WHEREAS, on April 28, 2006, this Court entered a Letter Opinion (the "Opinion"), granting Plaintiff's request for costs in the amount of $5,760.38, plus applicable post-judgment interest and denying his request for attorneys' fees;

WHEREAS, pursuant to the Opinion:

IT IS HEREBY ORDERED that defendant, US Mobilcomm, Inc. is directed to pay plaintiff, Jeffrey M. Norman's costs in the amount of $5,760.38, plus applicable post-judgment interest.

SO ORDERED this ___ day of _____, 2006.

_____
Vice Chancellor Donald F. Parsons, Jr.

Court: DE Court of Chancery

Judge: Parsons, Donald F

File & Serve reviewed Transaction ID: 12661651

Current date: 10/20/2006

Case number: 849-N

Case name: CLOSED 10/31/05 CONF ORDER 02/25/05 Norman, Jeffrey M vs U S MobilComm Inc


/s/ Judge Donald F Parsons Jr