

# COZEN
# O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

SUITE 1400   CHASE MANHATTAN CENTRE   1201 NORTH MARKET STREET   WILMINGTON, DE 19801-1147
302.295.2000   888.207.2440   302.295.2013 FAX   www.cozen.com

April 24, 2007

**VIA HAND DELIVERY**

David A. Felice
Direct Phone 302.295.2011
Direct Fax    866.776.8911
dfelice@cozen.com

The Honorable Joseph J. Farnan, Jr.
U.S. District Court, District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Jeffrey M. Norman v. David W. Elkin, et al.*; C.A. No. 06-005-JJF

Dear Judge Farnan:

This firm represents Plaintiff Jeffrey M. Norman ("Plaintiff" or "Norman") in the above-referenced action. We write pursuant to D. Del. LR 7.1.3(c)(2), as defendants first raised in their reply brief a new legal argument that this case is controlled by the decision in *United States Cellular Inv. Co. of Allentown v. Bell Atlantic Mobile Systems, Inc.*, 677 A.2d 497 (Del. 1996). Plaintiff disagrees with Defendants' contention that the "holding and principals affirmed in *United States Cellular* are dispositive." If, however, Defendants' contention is considered, D. Del. LR 7.1.3 required that the 1996 Delaware Supreme Court case should have been cited in a full and fair opening brief to permit Plaintiff the opportunity to respond. As Defendants violated D. Del. LR 7.1.3 by reserving a discussion of this "dispositive" decision for their reply brief, Plaintiff submits that the argument is properly stricken from the record.

Should the Court consider the *United States Cellular* decision, Plaintiff submits the following factual issues that distinguish the instant action from the *United States Cellular* decision.

- The parties' relationship in *United States Cellular* was governed by a written limited partnership agreement. *United States Cellular*, 677 A.2d at 498. Here, the relationship between Norman and David Elkin ("Elkin") in US Mobilcomm ("USM") was not governed by a written agreement.

- The limited partnership agreement in *United States Cellular* specifically defined corporate opportunities and identified to what extent a partner was permitted to compete with the partnership. *Id.* at 499. Here, identification of a corporate

The Honorable Joseph J. Farnan, Jr.
April 24, 2007
Page 2

---

opportunity and the parties' responsibilities to one another is governed by common law.

- In *United States Cellular*, the plaintiff/limited partner had reason to believe that the defendant/general partner was going to violate the limited partnership agreement by acquiring additional Federal Communications Commission ("FCC") licenses. *Id.* As a result, the limited partner sent a letter to the general partner reciting its interpretation of the limited partnership agreement's permissible competition provisions, demanding that the general partner act accordingly. *Id.* Here, Norman had absolutely no reason to believe that Elkin would convert the Phase II Auction opportunities for himself. Indeed, immediately following the Auction, Norman corresponded with Elkin concerning the auction, and Elkin refused to disclose his covert application amendment scheme.

- The general partner in *United States Cellular* <u>actually</u> submitted an application in its <u>own</u> <u>name</u> for the FCC licenses placed at issue. *Id.* at 500. Here, Elkin first submitted an application in the name of USM and only after the bidding during the Phase II Auction was underway did he submit an amendment to the original application.[1] (D.I. 51 at p. 7).

- In preparing for the FCC license lottery, the general partner in *United States Cellular* executed several settlement agreements with other lottery applicants (such that the other applicants would withdraw their applications from the lottery and the general partner would be awarded the license). *United States Cellular*, 677 A.2d at 500. The general partner's settlement agreements were filed with the FCC. *Id.* Thereafter, the FCC issued a Public Notice of the settlements, specifically identifying the general partner. *Id.* Here, the only FCC Public Notices placed at issue do not, in any way, identify the parties that usurped USM's opportunity – Elkin or The Elkin Group. Instead, the FCC's Public Notices uniformly identify USM as the qualified bidder and the only applicant that was awarded the licenses. (D.I. 51 at pp. 7, 9).

- In *United States Cellular*, the general partner filed an application to transfer the FCC licenses to its New Jersey affiliate. *United States Cellular*, 677 A.2d at 500. Here, Elkin did not file any such transfer application. Instead, Elkin executed a covert scheme to "amend" an earlier USM-published application that was already subject to the FCC's Public Notice. (D.I. 51 at p. 8).

- The plaintiff/limited partner in *United States Cellular* did not allege any fraudulent concealment on the part of the defendant/general partner. Here, the record is replete with Elkin's fraudulent representations to Norman and Elkin's fraud by omission. (D.I. 51, pp. 12 – 18, 28 – 31).

---

[1] This purported amendment is curiously absent from any production in this action and has not been produced by Defendants nor its existence on an FCC website identified.

WILMINGTON\51712\1  156666.000

The Honorable Joseph J. Farnan, Jr.
April 24, 2007
Page 3

---

- The *United States Cellular* court recognized that the limited partnership had regular partnership meetings and distributed quarterly financial statements. *United States Cellular*, 677 A.2d at 504. Here, USM did not have annual stockholder meetings and Elkin failed to discharge his fiduciary duty of disclosure. The only financial statement Norman received following the Phase II Auction was a November 1998 "draft" financial statement that was issued before the Phase II licenses were even scheduled to be issued by the FCC. (D.I. 51 at p. 15).

Based on the foregoing, Norman submits that the *United States Cellular* decision is not dispositive of the issues presented in Defendants' Motion for Summary Judgment. In fact, the factual disparities presented in this case compel a finding that Norman did not have actual or constructive notice of Defendants' wrongful conduct.

We look forward to discussing these issues with Your Honor at the pretrial conference on May 10, 2007. In the interim, should Your Honor have any questions or concerns about this matter, counsel is available at Your Honor's convenience.

Respectfully,

*David A. Felice*

David A. Felice (#4090)

DAF/ssl
cc: Clerk of the Court (*via ECF*)
    Steven Caponi, Esquire (*via ECF*)
    Mark A. Evetts, Esquire (*via email*)

WILMINGTON\51712\1 156666.000