IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-005-JJF |
| | : | |
| DAVID W. ELKIN, RICHARD M. SHORIN | : | |
| and THE ELKIN GROUP, INC. | : | Jury Trial Demanded |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| US MOBILCOMM, INC., | : | |
| | : | |
| Nominal Defendant. | : | |

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

# **TABLE OF CONTENTS** Toc175113759

TABLE OF CONTENTS ......................................................................................................... ii

Introduction; Role of Jury .......................................................................................................... 1

Description of Case; Summary of Applicable Law ................................................................... 2

Conduct of the Jury .................................................................................................................... 4

Bench Conferences .................................................................................................................... 5

Evidence ..................................................................................................................................... 6

Direct and Circumstantial Evidence .......................................................................................... 8

Credibility of Witnesses ............................................................................................................. 9

Jury Questions for Witnesses ................................................................................................... 10

Note-Taking by Jurors ............................................................................................................. 11

Preponderance of the Evidence ................................................................................................ 13

Description of Trial Proceedings ............................................................................................. 15

### Introduction; Role of Jury

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.1, Preliminary Instructions – Introduction; Role of Jury (2006).

### Description of Case; Summary of Applicable Law

In this case, Plaintiff Jeff Norman claims that Defendant David W. Elkin committed a breach of contract and defrauded him as to their business dealings with US Mobilcomm, Inc. Mr. Norman also claims that Mr. Elkin and The Elkin Group, Inc. misappropriated certain assets allegedly belonging to US Mobilcomm. Defendants deny those claims. While Richard M. Shorin is present in the courtroom as a named defendant, the claims asserted by him, as well as other claims asserted against Mr. Elkin and The Elkin Group, are going to be decided by me and will not be submitted to the jury for consideration.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make his case:

Mr. Norman's lawsuit includes three claims that will be submitted to the jury.

First, Mr. Norman alleges that he and Mr. Elkin agreed to fund US Mobilcomm with capital investments of $250,000 and $750,000, respectively. Mr. Norman alleges that Mr. Elkin breached this agreement by: (i) never contributing his capital or failing to contribute his capital in a timely fashion; (ii) executing a Shareholder Loan Agreement; and (iii) failing to distribute the proceeds from the sale of the Company's assets on a *pro rata* basis.

Second, Mr. Norman alleges that Mr. Elkin defrauded him through the false and misleading statements contained in a December 3, 2002, letter to Mr. Norman's counsel and his subsequent delivery, in October of 2003, of his Shareholder Loan Agreement with a false and/or misleading schedule of contributions and distributions.

Finally, Mr. Norman alleges that Mr. Elkin or The Elkin Group misappropriated US Mobilcomm's good will and status as a qualified bidder and incumbent with the Federal

Communications Commission during the 220 MHz Auction Number 18 when Mr. Elkin, or someone at his directions, allegedly filed an amendment to US Mobilcomm's application to name The Elkin Group as the applicant.

[Defendants' insert, if any]


Sources: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.2, Preliminary Instructions – Description of Case; Summary of Applicable Law (2006) (modified).

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Source: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.3, Preliminary Instructions – Conduct of the Jury (2006).

## **Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.4, Preliminary Instructions – Bench Conferences (2006).

### Evidence

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated – that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed – that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced

by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do no speculate about what a witness might have said or what an exhibit might have shown.

Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.5, Preliminary Instructions -- Evidence (2006).

## Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses – something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.6, Preliminary Instructions – Direct and Circumstantial Evidence (2006).

## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.7, Preliminary Instructions – Credibility of Witnesses (2006).

## **Jury Questions for Witnesses**

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.


Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.8, Preliminary Instructions – Jury Questions for Witnesses (2006).

## **Note-Taking by Jurors**

If you wish, you make take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My courtroom deputy will arrange for pens, pencils and paper. Remember that your notes are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note-taking:

1. *Note-taking is permitted, not required*. Each of you may take notes. No one is required to take notes.

2. *Be brief.* Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. *Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors*. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and

11

        render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.    *<u>Do not take your notes away from court</u>*. I repeat, at the end of each day, please leave your notes in the jury room.

Source: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.9, Preliminary Instructions – Note-Taking by Jurors (2006).

## Preponderance of the Evidence

This is a civil case. Plaintiff Jeff Norman is the party who brought this lawsuit. Defendants David W. Elkin and The Elkin Group are the parties against whom the Mr. Norman's lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip on his side. If Plaintiff fails to meet this burden, the verdict must be for Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendants have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendants have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Source:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.10, Preliminary Instructions – Preponderance of the Evidence (2006) (modified).

## **Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorneys for Plaintiff will make an opening statement to you. Next, attorneys for Defendants may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Plaintiff goes first because Plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for Defendants may cross-examine, and Plaintiff may also present evidence. Following Plaintiff's case, Defendants may present evidence. Counsel for Plaintiff may cross-examine witnesses for the defense.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

Source: MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 1.12, Preliminary Instructions – Description of Trial Proceedings (2006).