IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY M. NORMAN,                    :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :        C.A. No. 06-005-JJF
                                      :
DAVID W. ELKIN, RICHARD M. SHORIN     :
and THE ELKIN GROUP, INC.             :        Jury Trial Demanded
                                      :
          Defendants,                 :
                                      :
          and                         :
                                      :
US MOBILCOMM, INC.,                   :
                                      :
          Nominal Defendant.          :

**PROPOSED FINAL JURY INSTRUCTIONS**

# TABLE OF CONTENTS

PROPOSED FINAL JURY INSTRUCTIONS ............................................................... i

TABLE OF CONTENTS_Toc175113862 ................................................................ ii

Deliberations ............................................................................................. 1

Use of Deposition ....................................................................................... 3

Use of Interrogatories ................................................................................. 4

Charts and Summaries in Evidence ................................................................ 5

Charts and Summaries Not Admitted in Evidence ............................................ 6

Opinion Testimony ..................................................................................... 7

Number of Witnesses .................................................................................. 8

Contract Formation ..................................................................................... 9

Performance .............................................................................................. 10

Recovery for Breach of Agreement ................................................................ 11

Fraud ....................................................................................................... 12

Intentional Concealment of Facts .................................................................. 13

Damages – Fraud:  Benefit of the Bargain Rule ................................................ 15

Damages – Breach of Contract – General ........................................................ 16

Punitive Damages ....................................................................................... 17

**Deliberations**

When you retire to the jury room to deliberate, you make take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

1

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.  Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.  Unless I direct you otherwise, do not reveal your answers until you are discharged,  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

<u>Source</u>:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 3.1, General Instructions for Use at End of Trial – Deliberations (2006).

## <u>Use of Deposition</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyer for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is has been presented to you by reading the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior of any person reading the questions or answers.

<u>Source:</u>  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.5, General Instructions for Use During Trial – Use of Deposition (2006).

3

## **Use of Interrogatories**

You will have heard answers that [name of party] gave in response to written questions submitted by the other side.  The written questions are called "interrogatories."  The written answers were given in writing and under oath, before the trial.

You must consider [name of party]'s answers to interrogatories in the same manner as if the answers were made from the witness stand.

Source:   Model Civil Jury Instructions for the District Courts of the Third Circuit, 2.6, General Instructions for Use during Trial – Use of Interrogatories (2006).

4

**Charts and Summaries in Evidence**

[Name of party] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Source:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.7, General Instructions for Use During Trial – Charts and Summaries in Evidence (2006).

**Charts and Summaries Not Admitted in Evidence**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case.  [Describe the charts and summaries that have not been admitted.] These charts and summaries are not themselves proof of any facts.  They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts form the evidence.

Source:   MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.8, General Instructions for Use During Trial – Charts and Summaries Not Admitted in Evidence (2006).

**Opinion Testimony**

You will hear testimony containing opinions from Martin Abo.  In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of Mr. Abo should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of Mr. Abo, you may consider any bias that he may have, including any bias that may arise from evidence that he has been or will be paid for reviewing the case and testifying or from evidence that Mr. Abo testifies regularly and makes a large portion of his income from testifying in court.

Source:    MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 2.11, General Instructions for Use During Trial – Opinion Testimony (2006) (modified).

### Number of Witnesses

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:  MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT, 3.2, General Instructions for Use at End of Trial – Number of Witnesses (2006).

## Contract Formation

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes breach of contract. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

For a legally binding contract to exist, there must be:

1.    an offer of a contract by one party;

2.    an acceptance of that offer by the other party;

3.    consideration for the offer and acceptance; and

4.    sufficiently specific terms that determine the obligations of each party.

In this case, the parties both admit that there was an agreement between Mr. Norman and Mr. Elkin to fund US Mobilcomm with capital investments of $250,000 and $750,000, respectively. This fact is established and you must accept it.

<u>Source:</u>    Del. P.J.I. Civ. § 19.1 (2006) (modified).

9

### Performance

Performance is the successful completion of a contractual duty. Full performance consistent with the terms of the agreement discharges the contractual duty. Full performance means not only performance of the character, quality and amount required, but also performance within the agreed time.

Source:   Del. P.J.I. Civ. § 19.17 (2006).

### **Recovery for Breach of Agreement**

Because Mr. Norman was a party to the agreement at issue, Mr. Norman would be entitled to recover damages from Mr. Elkin for any breach of the agreement. To establish that Mr. Elkin is liable to Mr. Norman for breach of their agreement, Mr. Norman must prove that one or more terms of his agreement with Mr. Elkin have not been performed and that he has sustained damages as a result of Mr. Elkin's failure to perform.

Source:  Del. P.J.I. Civ.§ 19.20 (2006) (modified).

## **Fraud**

Fraud consists of the following five elements:

1.  the false representation of a fact that is important to another;

2.  the knowledge or belief that this representation was false, or was made with reckless indifference to the truth, or Defendant had a special duty to know whether the representation was false;

3.  the intent to induce Plaintiff to act on the false representation, or to decline to act;

4.  the fact that Plaintiff acted, or declined to act, in justifiable reliance on the false representation; and

5.  damage to Plaintiff as a result of this reliance.

A false representation may be asserted by words or by conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that Plaintiff has proved all of the above elements by a preponderance of the evidence, then Mr. Elkin is liable for fraud.

Source:   Del. P.J.I. Civ. § 16.1 (2006) (modified).

12

**Intentional Concealment of Facts**

Fraud does not merely consist of overt misrepresentations.  Fraud may also occur when someone deliberately conceals facts important to a transaction, causing Plaintiff to rely on the deception to his detriment.  This concealment can occur by a person's silence in the face of a duty to disclose the facts or by some action taken to prevent Plaintiff from discovering the facts important to the transaction.

Source:  Del. P.J.I. Civ. § 16.3 (2006).

13

**Misappropriation**

The tort of misappropriation or conversion occurs when three elements are met. First, Mr. Norman must prove that he maintained a property interest in US Mobilcomm's good will or its status as a qualified bidder and incumbent license holder with the Federal Commutations Commission. Second, Mr. Norman must prove that he had a right to claim his entitlement to those property rights. Finally, Mr. Norman must prove that he sustained damages as a result of Mr. Elkin's misappropriation.

Source: *Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200, 1203 (Del. Ch. 1988) (citing *Facciolo Constr. Co. v. Bank of Del.*, 514 A.2d 413 (Del. 1986)).

**Damages – Fraud:  Benefit of the Bargain Rule**

If you find that Mr. Elkin has committed fraud, then Mr. Norman is entitled to damages that will put him in the same financial position that would have existed had Mr. Elkin's representation been true.  Your award should reflect the difference in value between the actual value of income due Mr. Norman from the proceeds of the sale of assets belonging to US Mobilcomm due and the value represented by Mr. Elkin.

Source:  Del. P.J.I. Civ. § 20.17 (2006) (modified).

**<u>Damages – Breach of Contract – General</u>**

If you find that one party committed a breach of contract, the other party is entitled to compensation in an amount that will place it in the same position it would have been in if the contract had been properly performed. The measure of damages is the loss actually sustained as a result of the breach of the contract.

<u>Source</u>:  Del. P.J.I. Civ. 22.24 (2006).

## Punitive Damages

If you decide to award compensatory damages to Mr. Norman, you must determine whether Mr. Elkin is also liable to Mr. Norman for punitive damages.

Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages.

You may award punitive damages to punish a party for outrageous conduct and to deter a party, and others like it, from engaging in similar conduct in the future. To award punitive damages, you must find by a preponderance of the evidence that Defendants acted intentionally or recklessly. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct means it is the person's conscious object to engage in conduct of that nature. Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude. Reckless conduct occurs when a party, with no intent to cause harm, performs an act so unreasonable and dangerous that it knows or should know that there is an eminent likelihood of harm that can result. Each requires that the defendant foresee that its conduct threatens a particular harm to another.

The law provides no fixed standards for the amount of punitive damages.

In determining any award of punitive damages, you may consider the nature of  Mr. Elkin's conduct and the degree to which the conduct was reprehensible. Finally, you may assess an amount of damages that will deter Defendants and others like it from similar conduct in the future. You may consider Mr. Elkin's financial condition when evaluating deterrence. Any award of punitive damages must bear a reasonable relationship to Mr. Norman's compensatory

damages.  If you find that Mr. Norman is entitled to an award of punitive damages, state the amount of punitive damages separately on the verdict form.

Source:  Del. P.J.I. Civ. 22.27 (2006) (modified).

# CONSIDERATION

Consideration is something of value received by someone which induces them to make a promise to the person giving the thing of value.  To be enforceable, a contract must be supported by consideration.  Consideration may include money, an act, a promise not to act, or a return promise, and it may be found anywhere in the transaction, whether or not it is [clearly stated/spelled out in writing] as "consideration.

Source:  Del. P.J.I. Civ. § 19.7 (2006).

## WAIVER

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage.  A waiver may be expressly made or implied from conduct or other evidence.  The party alleged to have waived a right must have known about the right and intended to give it up.

Source:  Del. P.J.I. Civ. § 19.23 (2006).

## ESTOPPEL

When the conduct of a party intentionally or unintentionally leads another party, in reasonable reliance on that conduct, to change its position to its detriment, then the original party cannot enforce a right contrary to the second party's changed position. This is known in the law as estoppel. Reasonable reliance means that the party that changed its position must have lacked the means of knowing the truth about the facts in question.

Source:  Del. P.J.I. Civ. § 19.24 (2006).