# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-005-JJF |
| DAVID W. ELKIN, RICHARD M. SHORIN and THE ELKIN GROUP, INC. | : | Jury Trial Demanded |
| Defendants, | : | |
| and | : | |
| US MOBILCOMM, INC., | : | |
| Nominal Defendant. | : | |

### DECLARATION OF WILLIAM A. DYLEWSKY

I, William A. Dylewsky, hereby state in accordance with the provisions of Title 28, section 1746 of the United States Code as follows:

1. I am over eighteen (18) years of age and competent to testify regarding the facts stated herein.

2. I am a Certified Public Accountant and I work with the public accounting firm Dylewsky, Goldberg & Brenner, LLC in Stamford, Connecticut. In my capacity as a CPA, Jeffrey Norman approached my firm to address a number of personal and business-related accounting issues. I met and worked with Norman in 1997. During this time, I was informed that Norman acquired an ownership interest in US Mobilcomm, Inc. ("USM").

3. In 1997, Norman asked my firm to conduct an analysis of certain financial data to quantify the expenses Norman paid on behalf of USM from 1993 until July 1996.

4. Norman provided my firm with a number of different documents to complete our review, including checkbook records, credit card statements and other financial data. The

expenses paid on behalf of USM were disbursed from Norman's personal accounts as well as a company owned and controlled by Norman – Global Media Group.

5. Based upon my firm's review of the information provided by Norman, we calculated that Norman paid expenses on behalf of USM in the amount of $104,260 from 1993 through July 1996. My firm's findings are memorialized in a draft version of a letter I sent to Norman on or about May 24, 1997 (attached as Exhibit 1).

6. Based upon my firm's review of the information provided by Norman, it appears that Norman's payment of expenses on behalf of USM exceeded $50,000 during the time period 1993 through July 1996.

7. Our firm's policy is to maintain a client's records for seven (7) years. Accordingly, my firm did not maintain the records associated with Norman, USM or Norman's payment of expenses on behalf of USM. However, I believe that the documents that underlie the analysis undertaken and depicted in my draft letter dated May 24, 1997 would support the figures depicted in this letter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this /  day of October, 2007.

William A. Dylewsky

2