IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. NORMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 06-005-JJF |
| : | |
| DAVID W. ELKIN, RICHARD M. SHORIN : | |
| and THE ELKIN GROUP, INC. : | Jury Trial Demanded |
| : | |
| Defendants, : | |
| : | |
| and : | |
| : | |
| US MOBILCOMM, INC., : | |
| : | |
| Nominal Defendant. : | |

**DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DATED SEPTEMBER 26, 2007**

Defendants, David W. Elkin, Richard M. Shorin and The Elkin Group, Inc., respectfully move the Court for limited reconsideration of its September 26, 2007 ruling denying Defendants' Motion for Summary Judgment to the extent the Court concluded that there was a material dispute of fact regarding the date on which Plaintiff knew or should have known of the facts constituting his claims. The reasons for this Motion are set forth below.

**The Ruling**

1.  On September 26, 2007, the Court issued a Memorandum Opinion denying Defendants' Motion for Summary Judgment. The Court found that Pennsylvania's two year statute of limitations period applies to all of Plaintiff's claims except the breach of contract claim and that, with respect to the breach of contract claim, Delaware's three-year limitations period applies. Defendants are not moving for reconsideration of this aspect of the Court's ruling.

122138.00601/40171609v.1

2.The Court also found that the applicable statute of limitations would be tolled until Plaintiff knew or had reason to know of the facts constituting the alleged wrong. Defendants are likewise not moving for reconsideration of this aspect of the Court's ruling.

3.Finally, the Court concluded that the date on which Plaintiff knew or should have known the facts constituting his claims is a material disputed fact. Defendants are seeking reconsideration of this aspect of the Court's ruling because Plaintiff's own testimony, as well as documents Plaintiff acknowledges receiving, demonstrate that, as a matter of law, Plaintiff knew or should have known the facts constituting his claims more than three years before the filing of this action.

## Argument

4.Motions for reconsideration are appropriately granted where a court may have overlooked facts that reasonably would have altered the result. *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, *3 (D. Del. 2006) (granting a motion to reconsider the denial of summary judgment). Although Plaintiff has attempted to create the appearance of a material disputed fact regarding what he knew and when, Plaintiff's own sworn testimony conclusively demonstrates that there is no factual dispute over when he knew or should have known of the facts that constituted his claims.[1] Since the Court did not make reference to Plaintiff's deposition testimony in its ruling, Defendants respectfully request that the Court consider this testimony in ruling on this Motion.

5.Summary judgment is appropriate on statute of limitations grounds where, as here, the only conclusion that a reasonable trier of fact could reach is that a plaintiff knew or should have known the facts that constitute his claims by a date that renders the complaint

---

[1] Plaintiff's deposition testimony is attached as Exhibit 2 to the Appendix to Defendant's Memorandum of Law in Support of their Motion for Summary Judgment and is also attached hereto as Exhibit A.

2

untimely. *Sakol v. Nationwide Mutual Ins. Co.*, 2007 WL 1811215, *5 (M.D. Pa. 2007). *See also Workman v. A.I. DuPont Hospital for Children*, 2007 WL 2173395, *3 (E.D. Pa. 2007) ("Where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law.") (*quoting Cochran v. GAF Corp.*, 666 A. 2d 245, 248 (Pa. 1995). In this case, it is clear, as a matter of law, that Plaintiff's claims are time barred.

6. Plaintiff asserts a breach of contract claim based on the alleged failure of Defendant David Elkin to make capital contributions to US Mobilcomm, Inc. ("USM"). As the Court held, a three year statute of limitations applies to Plaintiff's breach of contract claim. Plaintiff's own testimony establishes that he knew as early as 1994 or 1995 that Mr. Elkin had not made the contributions he allegedly agreed to make. During his deposition on December 8, 2006, Plaintiff gave the following testimony:

> Q: "So I think I understand from your answer you're standing on your testimony that you understood by the fall of '94 or very, very early part of '95, [Mr. Elkin] had at least breached the part of your oral agreement to invest his money?"
>
> A: "That's correct."

(*See* Exhibit A, *Norman Dep.* at p. 16, lines 12-18).

7. Plaintiff also testified that at some point in the same time frame (late 1994/early 1995) he saw a capital contribution chart that showed that Mr. Elkin had not contributed the full amount Plaintiff claims he was obligated to contribute. (*See* Exhibit A *Norman Dep.* at p. 9, lines 12-21). Plaintiff's testimony clearly establishes that, as a matter of law, the breach of contract claim is time barred.

8. Plaintiff also asserts Mr. Elkin breached his fiduciary duty when he sold certain licenses owned by USM and distributed some of the proceeds from those sales to himself. The Court concluded that a two year statute of limitations applies to the breach of fiduciary duty

claims. Once again, Plaintiff's own testimony demonstrates that his fiduciary duty claims are time barred. Plaintiff testified that he learned that Mr. Elkin had sold USM licenses and made distributions to himself before October 2002. (*See* Exhibit A, *Norman Dep.* at p. 64, line 19 – p. 68, line 12; p. 72, line 2 – 22). In addition, Plaintiff acknowledged that in 2000 and 2001 he received Statements of Shareholder's Share of Income, Credits, Deductions, etc. on Form K-1 demonstrating that USM had capital gains from the sale of USM licenses. (*See* Exhibit A, *Norman Dep.* at p. 78, line 5 - 25; *see also* Jeffrey M. Norman's Forms K-1 for tax years 2000 and 2001 attached hereto as Exhibit B).

9. Plaintiff also testified that, prior to October 2002, he hired a lawyer, Vincent Sama, to assist him in obtaining additional information from Elkin regarding the sales of licenses and the distribution of proceeds. (*See* Exhibit A, *Norman Dep.* at p. 67, line 13-22). In October 2002, Sama sent a letter to Mr. Elkin seeking information. (A draft of the Sama letter dated September __, 2002 is attached hereto as Exhibit C). The letter makes clear that Plaintiff was aware that USM licenses were being sold and the proceeds distributed to Mr. Elkin. The fact that Plaintiff knew enough in 2002 to hire an attorney to look into the issue demonstrates that Plaintiff was on inquiry notice of a potential claim. If, as Plaintiff argues, he did not receive what he considered a full response to his inquiry in December 2002, he is entitled to a reasonable amount of additional time to ascertain the facts constituting his claims, not several more years as Plaintiff asserts here. Thus, Plaintiff's breach of fiduciary duty claims are time barred.

## CONCLUSION

Defendants respectfully submit that, as a matter of law, Plaintiff's claims are time barred and the Motion for Reconsideration should be GRANTED.

BLANK ROME LLP

Dated: October 11, 2007        By: ___*/s/ Christine S. Azar*___
                                      Steven L. Caponi (DE I.D. 3484)
                                      Christine S. Azar (DE I.D. 4170)
                                      1201 N. Market Street, Suite 800
                                      Wilmington, DE 19801
                                      Telephone: (302) 425-6400
                                      Facsimile: (302)425-6464
                                      *Attorneys for Defendants*