IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. NORMAN, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-005-JJF |
| DAVID W. ELKIN, RICHARD M. SHORIN and THE ELKIN GROUP, INC. | : Jury Trial Demanded |
| Defendants, | : |
| and | : |
| US MOBILCOMM, INC., | : |
| Nominal Defendant. | : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

Pursuant to D. Del. LR 7.1.5, Plaintiff Jeffrey M. Norman responds in opposition to Defendants David Elkin, Richard Shorin and The Elkin Group, Inc.'s (collectively "Defendants") motion for reconsideration of the Court's decision that there exists a genuine issue of material fact as to when Plaintiff knew or should have known of Defendants' wrongful conduct. In support of his opposition, Plaintiff states the following:

1. Not pleased with the Court's decision on their motion for summary judgment, Defendants now ask the Court to apply the very same law to the same facts in an effort to obtain a result to which they are not entitled. Defendants' Motion is nothing more than a second bite at the apple. As described below, Defendants' motion must be denied for two reasons. First, Defendants have not alleged and cannot prove any one of the three bases that would require a court to reconsider a past decision. Second, the evidence and arguments Defendants assert in their motion were fully briefed and resolved by the Court as part of its Memorandum Opinion. Accordingly, Defendants' motion must be denied.

## FACTS

2.  Through their motion, Defendants seek reconsideration of one factual issue as it relates to two of Plaintiffs' nine claims. Specifically, Defendants request that the Court reconsider its decision "that the date on which Plaintiff knew or should have known the facts constituting his claims is a material disputed fact." (Op. Mem. at ¶ 3). Given an affirmative showing on their motion, Defendants ask the Court to dismiss Plaintiff's claims for breach of contract and breach of fiduciary duty.[1] (Op. Mem. at ¶¶ 6, 8).

3.  As they did in briefing summary judgment, Defendants allege that Plaintiff's own testimony demonstrates that he knew or should have known of Elkin's breach of contract. *Compare* (Op. Mem. at ¶¶ 6-7) *with* (Defendants' Op. Brf. on Summary Judgment (D.I. 43) at pp. 24 and 26-27). Although the arguments are the same, Defendants direct the Court's attention to testimony that was not specifically submitted at summary judgment.

4.  In an effort to have the Court dismiss the fiduciary duty claim, Defendants assert the very same facts and the very same arguments asserted at summary judgment. *Compare* (Op. Mem. at ¶¶ 8-9) *with* (Defendants' Op. Brf. on Summary Judgment (D.I. 43) at pp. 24, 27).

5.  When the Court was faced with these very same arguments, it concluded that there was a material dispute of fact as to when Plaintiff knew or should have known of Defendants' wrongful conduct. Specifically, the Court held the following:

> The determination of when a reasonable person knew or should've known of the facts constituting the claim is a fact intensive inquiry. Plaintiff contends that the earliest he knew of Elkin's use of TEG to acquire Phase II licenses and Elkin's characterization of the

---

[1] Defendants never attempt to reconcile their argument with the fact that portions of Plaintiff's breach of contract and breach of fiduciary duty claims seek relief for conduct that occurred within the applicable statute of limitations. *See* Plaintiff's Statement of Claims at Issue in the Proposed Pre-Trial Order (D.I. 61); Plaintiff's Ans. Brf. on Summary Judgment at pp. 24-25 (D.I. 51). Perhaps this is due, in part, to the fact that Defendants never served a single interrogatory in this matter. Instead, Defendants rely on self-serving interpretations of Plaintiff's Complaint to frame the claims at issue.

>proceeds of the sale of USM's licenses as repayment of loans was on December 3, 2002, when Plaintiff received a letter from Elkin. In the letter, Defendant Elkin stated that USM sold licenses "it owned." However, the letter included Purchase and Sale Agreements which revealed that TEG was the winner of a Phase II license being transferred to a purchaser and that Elkin had received proceeds of the license sales as repayment for shareholder loans. Plaintiff contends that the full extent of Elkin's use of TEG, the sale of USM's assets, and alleged misrepresentations was still being discovered as late as November 2004, when Plaintiff brought a books and records petition under 8 *Del. C.* § 220 in the Court of Chancery. In response, Defendant contends that Plaintiff was on inquiry notice before receiving the December 2003 letter because Plaintiff had access to public FCC documents and company tax documents and financial information. <u>The Court concludes that, in the circumstances in this case, the date on which Plaintiff knew or should have known the facts constituting his claims is a material dispute of fact</u>. Accordingly, the Court concludes that summary judgment is not appropriate at this juncture, and therefore, will deny Defendants' Motion.

*Norman v. Elkin*, 2007 WL 2822798, at *5 (D. Del. Sept. 26, 2007) (internal citations omitted, emphasis added).

6. As described below, Defendants' regurgitation of old arguments and facts does not satisfy the requirements for reconsideration and, in any event, does not change the result reached by the Court in its Memorandum Order.

## ARGUMENT

### I. DEFENDANTS HAVE NOT ALLEGED A VIABLE BASIS FOR THE COURT TO RECONSIDER ITS MEMORANDUM ORDER

7. Defendants' motion does not allege and Defendants cannot prove a valid basis that would require the Court to reconsider its decision. The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 497 F. Supp. 2d 591, 593 (D. Del. 2007) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration only if the moving party shows: "(1)

an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Here, Defendants' argument that Plaintiff's testimony and the documentary evidence submitted at the summary judgment phase of litigation should have driven an affirmative finding that the breach of contract and fiduciary duty claims are time-barred does not fit within the established framework for granting motions for reconsideration.

8. First, Defendants do not suggest that there was an intervening change in the controlling law. In fact, Defendants ask that the Court apply the same law to substantially the same facts. Accordingly, Defendants cannot claim any right to reconsideration under the first basis for relief.

9. Second, Defendants do not attempt to submit newly discovered evidence that was not available at the summary judgment phase. Instead, Defendants impermissibly submit different selections from a deposition transcript that was, and has been, available since December 2006. Certainly, Defendants' newly-proffered citations to Plaintiff's deposition merely raise the same factual issues – whether Plaintiff testified that he knew of David Elkin's breach of contract and self-dealing prior to December 2, 2003.[2] As discussed at length in Plaintiff's answering brief in opposition to Defendants' motion for summary judgment and the supporting declarations, Plaintiff did not know nor have reason to know of Defendants' wrongful conduct given Defendants' fraudulent concealment. *See* Plaintiff's Ans. Brf. on Summary Judgment at pp. 28-31 (D.I. 51). The Court identified this dispute of fact when it held that summary

---

[2] Conveniently, Defendants do not address the tolling effect Plaintiff's books and records action under 8 *Del. C.* § 220 had on the statute of limitations defense. *See* Plaintiff's Ans. Brf. on Summary Judgment at pp. 23-24 (D.I. 51).

4

judgment was inappropriate. *Norman*, 2007 WL 2822798, at *5. Moreover, given a more through examination of Defendants' newly-proffered deposition testimony, it is clear Plaintiff also testified to the fact that David Elkin continually assured him that he was going to meet his capital commitments. (Norman dep. at p. 10 (attached as Exhibit A)). Given a consideration of this evidence (as the Court did at summary judgment), it is apparent that there is a material dispute of fact as to when Plaintiff knew or should have known of Defendants' wrongdoing.

10.   Finally, the Court's Memorandum Order did not make any error (let alone a clear error) of law or fact. As disclosed in its holding, the Court found that under the "circumstances in this case, the date on which Plaintiff knew or should have known the facts constituting his claims is a material dispute of fact." *Norman*, 2007 WL 2822798, at *5. This determination was aided by full and complete briefing by both parties. In addition, Defendants suffer no injustice given this ruling as they are free to present the same evidence at trial.

11.   Based on Defendants' failure to assert a valid argument under any of the three bases for reconsideration, their motion for reconsideration must be denied.

## II. DEFENDANTS' REQUEST THAT THE COURT RETHINK ITS DECISION IS AN IMPROPER GROUNDS FOR RECONSIDERATION

12.   Defendants' attempt to have the Court reconsider its decision because the Court "did not make reference to Plaintiff's deposition testimony in its ruling" (Op. Mem. at ¶ 4) is not a valid grounds for reconsideration for two principal reasons. First, it is improper for a party to merely request that the Court rethink a decision already rendered. Second, the testimony Defendants claim the Court failed to reference in its decision was never specifically presented in Defendants' summary judgment briefing, but only first appears in the instant motion.

13.   Defendants' endeavor to have the Court rethink a reasonable and well-informed decision is improper. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Kloth v. Southern Christian University Bd. of Directors,*

2007 WL 3036893, at *2 (D. Del. Oct. 17, 2007) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Instead, this district only grants motions for reconsideration if it appears that the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *3 (D. Del. Sept. 22, 2006) (citing *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Defendants' motion presents a clear example of a party attempting to have a Court rethink its decision simply because the party is unhappy with the original outcome. Here, Defendants ask the Court to rethink its decision merely because the Court did not specifically recite any portion of Plaintiff's deposition testimony in its Memorandum Order. This alleged basis for reconsideration is improper and must be denied.

14. In addition, the testimony Defendants fault the Court for not reciting in its decision was not specifically presented to the Court for its consideration during summary judgment. In their motion, Defendants direct the Court to a specific passage of Plaintiff's deposition. (Op. Mem. at ¶ 6). Defendants failed to recite this passage in either their opening or reply briefs on summary judgment. As a general proposition, "[m]otions for reconsideration should not be used to rehash arguments already briefed." *Durkin Contracting*, 2006 WL 2724882, at *3 (citing *Quaker Alloy Casting v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (noting that court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure")). More specifically, motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Here, Defendants should not fault the Court and cannot premise a motion

for reconsideration on testimony it failed to specifically submit to the Court in the first instance. Accordingly, Defendants' motion must be denied.

WHEREFORE, Plaintiff Jeffrey M. Norman respectfully requests that Defendants David Elkin, Richard Shorin and The Elkin Group, Inc.'s motion for reconsideration be denied.

Dated: October 25, 2007

*David A. Felice*
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
  *Attorneys for Plaintiff*

# Exhibit A

3/7/2007  Norman - 12/8/06

```
1
2       IN THE UNITED STATES DISTRICT COURT
3       FOR THE DISTRICT OF DELAWARE
4
        ---------------------------------x
5       JEFFREY M. NORMAN,
6                  Plaintiff,
7            vs.
8       DAVID W. ELKIN, RICHARD M.
        SHORIN and THE ELKIN GROUP,
9       INC.,
10                 Defendants.
11           and
12      US MOBILCOMM, INC.,
13                 Nominal Defendant.
14
        ---------------------------------x
15
16
17           DEPOSITION OF JEFFREY M. NORMAN
18                New York, New York
19             Friday, December 8, 2006
20
21
22
23
24      Reported by:
        LESLIE FAGIN
25      JOB NO. 189905
```

1

2          December 8, 2006

3             7:59 a.m.

4

5     Videotaped Deposition of JEFFREY M.

6  NORMAN, held at the offices of Blank

7  Rome, 405 Lexington Avenue, New York, New

8  York, pursuant to Notice and Federal

9  Rules of Civil Procedure, before Leslie

10 Fagin, a Notary Public of the State of

11 New York.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2        A P P E A R A N C E S:
 3
 4        COZEN O'CONNOR
 5        Attorneys for Plaintiff
 6             Suite 1400
 7             Chase Manhattan Centre
 8             1201 North Market Street
 9             Wilmington, Delaware 19801-1147
10        BY:  DAVID A. FELICE, ESQ.
11
12        MARK A. EVETTS, ESQ.
13        Attorneys for Defendants
14             8502 Jackson Creek Bend Lane
15             Houston, Texas 77396
16
17   ALSO PRESENT:
18        PETER LEDWITH, Videographer
19
20
21
22
23
24
25
```

```
1              J. Norman
2              MR. EVETTS:  Objection to the
3       nonresponsive part of the answer.  Move
4       to strike.
5              Q.  But if I understand your answer
6       correctly, he had breached, by the fall of
7       1994, you knew within a couple of months of
8       that because you learned somehow that he
9       hadn't put in the money, right?
10             A.  Right.
11             Q.  Then he said, but it will be here
12      shortly, fair?
13             A.  I don't know if that was his exact
14      words, but he assured me that the money was
15      going to be put in.
16             Q.  And then, based on however
17      infrequently you received the equity
18      contribution tracking sheet, we'll call it
19      the Jeff Dave tracking sheet.
20             A.  Yes.
21             Q.  You know what I'm talking about
22      when I say that?
23             A.  Yes.
24             Q.  Based on your receipt of that,
25      shortly after Mr. Elkin promised you he would
```

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Steven L. Caponi, Esquire
>Blank Rome LLP
>1201 N. Market Street, Suite 800
>Wilmington, DE 19801

>David A. Felice (#4090)