```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

JEFFREY M. NORMAN,              :
                                :
        Plaintiff,              :
                                :
     v.                         :   CIVIL ACTION NO. 06-005-JJF
                                :
DAVID W. ELKIN, RICHARD M.      :
SHORIN and                      :
THE ELKIN GROUP, INC.           :
                                :
        Defendants,             :
                                :
     and                        :
                                :
US MOBILCOMM, INC.              :
                                :
        Nominal Defendant.      :
```

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion for Reconsideration of the Court's September 26, 2007 ruling denying summary judgment. (D.I. 75.) For the reasons discussed, Defendants' motion will be denied.

### I. Background

Plaintiff Jeffrey M. Norman filed this action in the Delaware Court of Chancery on December 2, 2005 asserting causes of action against Defendants in both their individual and corporate capacities for breach of contract, declaratory relief, usurpation of corporate opportunities, breaches of fiduciary duty, breach of duty of disclosure, conversion and misappropriation, fraudulent representation; aiding and abetting breaches of fiduciary duties, and unjust enrichment. On January 3, 2006, Defendants removed the action to this Court on the basis

of diversity jurisdiction.

On September 26, 2007, the Court issued a Memorandum Opinion and Order (D.I. 70, 71) denying Defendants' Motion for Summary Judgment. In its Memorandum Opinion, the Court concluded, *inter alia*, that the date on which Plaintiff knew or should have known the facts constituting his claims is a material dispute of fact, and that summary judgement was therefore not appropriate at that juncture.

**II. Discussion**

A motion for reconsideration may be granted, and a judgment altered or amended, only if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citations omitted). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)(citations omitted).

By their motion, Defendants request reconsideration of the Court's conclusion that a material issue of genuine fact exists regarding the date Plaintiff knew of the facts constituting his claims is warranted. Defendants contend that Plaintiff's deposition testimony "conclusively demonstrates" that there is no

factual dispute over when he knew or should have known of the facts that constituted his claims, and that the date on which Plaintiff knew or should have known of such facts renders his breach of contract claim untimely.

In response, Plaintiff contends that Defendants present no new evidence, instead asserting the same evidence and arguments they presented to the Court in support of their motion for summary judgment.

The Court concludes that Defendants have not shown that reconsideration is warranted. Defendants have argued the same evidence and grounds as previously, which is improper when seeking reconsideration. See Glendon Energy, 836 F. Supp. at 1122. To the extent that Defendants have presented deposition testimony not previously presented, and not newly discovered, their motion is unsupported. See Brambles USA, Inc. V. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)(ruling that motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided"). Further, the Court is not persuaded that reconsideration is necessary to correct a clear error of law or fact, or to prevent manifest injustice. For these reasons, Defendants motion will be denied.

## III. Conclusion

For the reasons discussed, the Court concludes that Defendants have failed to establish that reconsideration is warranted. Accordingly, the Court will deny Defendants' Motion for Reconsideration.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (D.I. 75) is **DENIED**.

July 2, 2008

/s/ Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE