IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-005-JJF |
| | : | |
| DAVID W. ELKIN, RICHARD M. SHORIN | : | |
| and THE ELKIN GROUP, INC. | : | Jury Trial Demanded |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| US MOBILCOMM, INC., | : | |
| | : | |
| Nominal Defendant. | : | |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, David W. Elkin, Richard M. Shorin and The Elkin Group, Inc., respectfully renew their request for judgment as a matter of law in their favor. The reasons for this Motion are set forth below and in a Memorandum of Law to be filed as such time as the Court so orders:

1. The Amended Complaint in this action asserts nine causes of action: breach of contract; declaratory relief; usurpation of corporate opportunities; breach of the fiduciary duty of loyalty, care and good faith dealing; breach of the fiduciary duty of disclosure; conversion and misappropriation; fraud; aiding and abetting breach of fiduciary duty and unjust enrichment.

2. On May 11 - 13, 2009, a trial was held in front of this Court and an eight person jury. Three of the claims brought by Plaintiff were decided by the jury – breach of contract, fraud and conversion/misappropriation. The other claims are to be decided by the Court.

3. At the close of the evidence, counsel for Defendants moved for judgment as a matter of law on a number of grounds, including on those claims being submitted to the jury In summary, the grounds for the motion as to the claims submitted to the jury can be stated as follows:

**A.** Breach of Contract - Defendants moved for judgment as a matter of law on the basis that Plaintiff's claim that Mr. Elkin failed to contribute his required capital or failed to contribute it in an timely manner is barred by the statute of limitations. In addition, the breach of contract claims for the execution of the shareholder loan agreement and the failure to distribute proceeds fail as a matter of law because there was no evidence or testimony of an agreement regarding loans, treatment of additional capital or distribution of proceeds.

**B.** Fraud – Defendants moved for judgment as a matter of law based on the statute of limitations. Additionally, Defendants are entitled to a judgment as a matter of law because there was no evidence or testimony presented at trial to support the claims that false and misleading statements were made, that there was reliance or that there were damages. Moreover, even if there were damages, there was no testimony regarding what the proper measure of those damages should be.

4. At trial, the Court reserved decision on all of the motions for judgment as a matter of law until post-trial.

5. Although at trial the Court expressly reserved decision on the motion for judgment as a matter of law, Federal Rule of Civil Procedure 50 requires that motions for judgment as a matter of law be renewed within ten days after judgment is entered or the jury is discharged. Defendants file this Motion in an abundance of caution and in order to preserve their rights with regard to the pending motions for judgment as a matter of law.

6. Thus, as to the claims decided by the jury, Defendants are moving to renew each of their earlier motions for judgment as a matter of law on the same grounds as articulated on the record at trial. In addition, to the extent not raised at trial, Defendants move for judgment as a matter of law on the conversion claim on the grounds that it is barred by the statute of limitations, there was a complete lack of evidence or testimony supporting the claim or damages for the claim. There was also no evidence or testimony regarding a basis for plaintiff to receive direct damages on his claim of conversion and, even if there were such a basis, the proper amount, if any, due directly to plaintiff. Defendants also move for judgment as a matter of law on the award of punitive damages. There was no evidence or testimony supporting a finding of conduct sufficient to warrant an award of punitive damages and the award was excessive in relation to the verdict for fraud.

7. It is Defendants' understanding that the motions for judgment as a matter of law on these, as well as the claims being decided by the Court, will be the subject of post-trial briefing on a schedule to be ordered by the Court.

WHEREAS, Defendants respectfully renew their request for judgment as a matter of law in their favor.

BLANK ROME LLP

Dated: May 28, 2009 By: _____
Steven L. Caponi (DE I.D. 3484)
Christine S. Azar (DE I.D. 4170)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302)425-6464
Attorneys for Defendants

3

122138.00601/40181285v.2