IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFERY M. NORMAN, :
:
Plaintiff, :
:
v. : C.A. No. 06-005-LPS
:
DAVID W. ELKIN, RICHARD M. SHORIN, :
and THE ELKIN GROUP, INC. :
:
Defendants, :
:
and :
:
US MOBILCOMM, INC., :
:
Nominal Defendant :

---

Sean J. Bellew, David A. Felice, BALLARD SPAHR LLP, Wilmington, DE; Kurt Heyman, PROCTOR HEYMAN LLP, Wilmington, DE,

Attorneys for Plaintiff.

Steven L. Caponi, BLANK ROME LLP, Wilmington, DE; Christine S. Azar, LABATON SUCHAROW, Wilmington, DE.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

March 26, 2012
Wilmington, Delaware


STARK, U.S. District Judge:

Pending before the Court is Plaintiff's Motion to Alter or Amend the Jury Verdict, or in the alternative, Motion for a New Trial. (D.I. 159) For the reasons discussed below, the Court will grant Plaintiff's Motion for a New Trial.

I. **BACKGROUND**[1]

Plaintiff Jeffery M. Norman ("Plaintiff") filed this action in the Delaware Court of Chancery on December 2, 2005, asserting nine causes of action against defendants David W. Elkin, Richard M. Sorkin, and The Elkin Group, Inc. ("Defendants"): fraud, breach of contract, conversion/misappropriation, breach of fiduciary duty, breach of duty of disclosure, aiding and abetting breach of fiduciary duty, usurpation of corporate opportunity, unjust enrichment, and declaratory relief. (*See* D.I. 1) On January 3, 2006, Defendants removed this case to federal court. (*See id.*) This Court held a three-day jury trial, during which only the breach of contract, fraud, and conversion claims were presented to the jury. See *Norman v. Elkin*, 726 F. Supp. 2d 464, 468 (D. Del. 2010). The jury found for Plaintiff on each of these claims. (*See* D.I. 119) Specifically, the jury found that "Defendant David Elkin breached an agreement by failing to distribute proceeds from the sales of US Mobilcomm, Inc.'s assets on a *pro rata* basis (*i.e.*, giving Plaintiff his 25% share)." (D.I. 119 at 2, ¶ A3) The jury awarded Plaintiff $1 in nominal damages on the breach of contract claim, $105,756 in compensatory damages and $48,000 in punitive damages on the fraud claim, and $38,062 in compensatory damages on the conversion/misappropriation claim. (*Id.* at 2-4) The total damage award was $191,819, which

---

[1]The background relevant to this action has been set forth more fully by the Court in previous decisions entered in this case. See *Norman v. Elkin*, 726 F. Supp. 2d 464, 467-68 (D. Del. 2010) (D.I. 156); *see also* D.I. 98.

1

was equal to $1 more than Plaintiff's 25% share of distributions. (D.I. 159 at ¶ 11) At the time of the jury verdict, the Court reserved judgment on the remaining claims and on whether Plaintiff's claims were barred by the applicable statutes of limitations. *See Norman*, 726 F. Supp. 2d at 468.

Post-trial, Defendants filed motions challenging the validity of the jury's findings with respect to the claims of fraud, conversion, and breach of contract.[2] (*See* D.I. 126) On July 30, 2010, the Court issued an Order vacating the findings of liability against the Defendants for fraud and conversion. (D.I. 157) In its July 30th Opinion, the Court held that the fraud and conversion claims were barred by the applicable statutes of limitations. *See Norman*, 726 F. Supp. 2d at 471-72. However, the Court determined that the breach of contract claim based on failure to make *pro rata* distribution of the proceeds from the sale of corporate assets was not time barred. *Id.* at 471. As a result, the jury's verdict was reduced from $191,819 to $1. (D.I. 161 at 3)

Subsequently, on August 27, 2010, Plaintiff filed the pending Motion to Alter or Amend the Jury Verdict, or in the alternative, Motion for a New Trial. (D.I. 159) The parties completed briefing on this motion on October 11, 2010. (D.I. 163)

## II. LEGAL STANDARDS

### A. Motion to Alter or Amend the Jury Verdict

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e)

---

[2]With respect to the breach of contract claim, Defendants did not challenge the sufficiency of the evidence relating to the jury's finding of breach of contract for failure to make *pro rata* distributions. *See Norman*, 726 F. Supp. 2d at 471 n.3. Rather, Defendants challenged two other breach of contract claims, which the Court found to be barred by the applicable statute of limitations. *See id.* at 470-71.

or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under both rules serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Additionally, Rule 60(b) "allows a party to move for relief if it is no longer equitable that the judgment should have prospective application." *Few v. Hawkins*, 540 U.S. 431, 441 (2004) (internal quotation marks omitted). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *see Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the Court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

**B.     Motion for a New Trial**

In pertinent part, Federal Rule of Civil Procedure 59(a) provides: "[t]he court may, on

3

motion, grant a new trial on all or some of the issues – and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."

Among the most common reasons for granting a new trial are: (1) the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) newly discovered evidence has surfaced that would likely have altered the outcome of the trial; (3) improper conduct by an attorney or the court unfairly influenced the verdict; and (4) the jury's verdict was facially inconsistent. *See Zarow-Smith v. N.J. Transit Rail Operations, Inc.*, 953 F. Supp. 581, 584 (D.N.J. 1997).

The decision to grant or deny a new trial is committed to the sound discretion of the district court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Olefins Trading, Inc. v. Han Yang Chem. Corp.*, 9 F.3d 282, 289 (3d Cir. 1993) (reviewing district court's ruling on new trial motion under deferential "abuse of discretion" standard). However, where the ground for the new trial is that the jury's verdict was against the great weight of the evidence, the court should proceed cautiously, because such a ruling would necessarily substitute the court's judgment for that of the jury. *See Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993). In reviewing a motion for a new trial, the court need not view the evidence in the light most favorable to the verdict winner. Still, a new trial should be granted only where "a miscarriage of justice would result if the verdict were to stand," the verdict "cries out to be overturned," or the verdict "shocks [the] conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991); *see also Price v. Del. Dep't of Corrections*, 40 F. Supp. 2d 544, 550 (D. Del. 1999).

III. **DISCUSSION**

    A. **Judicial Estoppel**

As an initial matter, Defendants contend that the doctrine of judicial estoppel bars Plaintiff from arguing that the jury's damage award on the breach of contract claim is flawed. (*See* D.I. 161 at 6) In response, Plaintiff contends that its current position is not inconsistent with any earlier asserted position. (*See* D.I. 163 at 3-4) Specifically, Plaintiff posits that Defendants never challenged the $1 breach of contract damage award in their post-trial motions and, thus, any response that Plaintiff made to those motions did not address or pertain to the breach of contract damages. (*Id.* at 3)

In the Third Circuit, a party is judicially estopped from taking a position if: (1) the position is irreconcilably inconsistent with that asserted in a prior proceeding; (2) the inconsistent position culpably threatens the court's integrity or is intended to play fast and loose with the court; and (3) judicial estoppel would address the affront to the court's integrity. *See Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 780-81 (3d Cir. 2001).

The Court concludes that the doctrine of judicial estoppel does not apply in the instant case because Plaintiff's current position – that the jury's breach of contract damage award is flawed – is not "irreconcilably inconsistent" with its post-trial position that there was sufficient evidence introduced at trial to support the jury's assessment of damages for the fraud and conversion claims. To support their claim of judicial estoppel, Defendants rely on various statements that Plaintiff made "to support the contention that the jury award of fraud and conversion damages was supported by the record." (D.I. 161 at 5) However, these statements did not relate to the breach of contract claim and, thus, cannot be the basis for judicial estoppel with respect to the breach of contract claim. At bottom, there is nothing inconsistent between defending the jury's verdict on the intentional tort claims and arguing that – with no damages

now being awarded on those claims – the verdict of $1 is inconsistent with the great weight of the (largely undisputed) evidence. Indeed, Plaintiff has not previously taken a position on the adequacy of damages for the breach of contract claim. Additionally, there is no evidence that the Plaintiff's various positions on damages threaten the integrity of the Court or represent an attempt to "play fast and loose with the Court." Accordingly, the doctrine of judicial estoppel does not apply here.

### B. Motion to Amend or Alter the Jury Verdict

Reviewing the parties' arguments in light of the applicable legal standards, the Court concludes that Plaintiff has not demonstrated that alteration or amendment of the jury verdict is warranted.

#### 1. Rule 59(e)

First, Plaintiff asserts that the Court should amend the jury verdict under Rule 59(e) because there is a need to correct a clear error of law or prevent manifest injustice. (D.I. 159 at 4) Yet, Plaintiff fails to identify any clear legal error or manifest injustice.

After determining that the defendant David Elkin had breached the agreement, the jury also found that $1 was an "amount of damages [that] would be sufficient to compensate Plaintiff for his loss." (D.I. 119 at 2, ¶ A4) The determination of damages lies within the province of the jury and should not be disturbed by this Court. *See Atl. Sounding Co. v. Townsend*, 129 S. Ct. 2561, 2566 (2009); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("It has long been recognized that by the law the jury are judges of the damages.") (internal quotation marks omitted).

Plaintiff's mere dissatisfaction with the jury's assessment of damages does not constitute

manifest injustice. *See generally Soto v. United States*, 2011 WL 4929423, at *1 (D. Del. Oct. 17, 2011) ("[D]issatisfaction with the court's decision ... is not a legitimate basis [for] granting a motion for reconsideration under Rule 59(e)."); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("The simple fact that [plaintiff] is unhappy with the result of the [case] is an insufficient basis to grant her relief.").

Accordingly, the Court concludes that this is not a case where modification of the jury's damage award is appropriate.

### 2. Rule 60(b)(5)

Next, Plaintiff asserts that the Court should amend the verdict under Federal Rule of Civil Procedure 60(b)(5), which provides that a party may file a motion for relief from a final judgment if: (1) the judgment has been satisfied, released or discharged; (2) a prior judgment upon which it is based has been reversed or otherwise vacated; or (3) it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(5). Plaintiff asserts that prospective application of the jury's verdict is no longer equitable. (D.I. 159 at 4) However, the jury's verdict on damages is not prospective; rather, it constitutes a present remedy for a past wrong. *See United States v. Dansbury*, 1996 WL 592645, at *3 (E.D. Pa. Oct. 15, 1996) ("Rule 60(b)(5) applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong.") (internal quotation marks and citation omitted). Thus, Rule 60(b)(5) does not apply to the jury's damage award. *See Gibbs v. Maxwell House*, 738 F.2d 1153, 1156 (11th Cir. 1984) (stating there is "not a 'prospective effect' within the meaning of [R]ule 60(b)(5) ... if plaintiff were continuing to feel the effects of a money judgment against him"); *Marshall v. Bd. of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978) (stating

7

unsatisfied judgment for monetary damages is not prospective); *see also generally Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) (stating that fact "that a court's action has continuing consequences . . . does not necessarily mean that it has 'prospective application' for purposes of Rule 60(b)(5)"). Accordingly, the Court will deny Plaintiff's Motion to Alter or Amend the Jury Verdict.

### C. Motion for New Trial

Alternatively, Plaintiff requests that this Court grant it a new trial on damages for its breach of contract claim. (D.I. 159 at 1) Plaintiff bases this request on its assertion that the jury's verdict was against the weight of the evidence. (*See id.* at 5)

It is undisputed that Plaintiff and David Elkin were the only two shareholders of US Mobilcomm, Inc. ("USM"), a closely-held corporation (D.I. 61 at § III, ¶ A) and that Plaintiff owns 25% of USM (*id.* at § III, ¶ F). The jury expressly found that Elkin "breached an agreement by failing to distribute proceeds from the sales of [USM's] assets on a *pro rata* basis (*i.e.*, giving Plaintiff his 25% share)." (D.I. 119) It is undisputed that the proceeds from the sales of USM's assets are $767,274.[3] It is further undisputed that Plaintiff did not receive any cash distributions from USM for the period of 2001 to the present. (D.I. 61 at ¶ DDD)

The Court concludes that a mere award of a single dollar for the breach of contract claim is against the clear weight of the evidence in this case given the jury's conclusion that Elkin breached the contract by not giving Plaintiff his 25% share. There was no evidence presented at trial that Elkin was entitled to anything less than his 25% share, or $191,818. Had the jury only

---

[3]This total comes from the addition of payments from USM that Elkin paid to himself. (*See* D.I. 61 at 12-13)

8

had before it the breach of contract claim, it could not have justifiably awarded a mere $1 in damages. Therefore, the Court concludes that allowing the jury's determination of damages for the breach of contract claim to stand would constitute a miscarriage of justice, as there is no reasonable basis to uphold the jury's damage award. Accordingly, the Court will grant Plaintiff's Motion for a New Trial on the issue of damages for the breach of contract claim.[4]

### D. Request for Attorney's Fees

In their briefing, Defendants assert that they are entitled to attorney's fees for the time spent in responding to Plaintiff's pending motion because "Plaintiff's motion is wholly unsupported in law and fact to a level that runs afoul of Federal Rule of Civil Procedure 11." (D.I. 161 at 10) The Court finds that Defendants' request for attorney's fees as a Rule 11 sanction is wholly without merit. Rule 11 states that by submitting a written motion to the Court, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ." Fed. R. Civ. P. 11(b)(2). In light of the Court's decision to grant Plaintiff's request for a new trial, it is indisputable that Plaintiff's filing did not violate Rule 11. Accordingly, the Court will deny Defendants' request for attorney's fees.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for a New Trial. The new trial will be limited exclusively to the issue of appropriate damages for the breach of

---

[4]Defendant fails to address in its brief Plaintiff's request for a new trial under Rule 59(a). The Court assumes Defendant opposes such relief.

9

contract claim. All of Plaintiff's other requests for relief will be denied. An appropriate Order follows.