IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY M. NORMAN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-005-LPS |
| DAVID W. ELKIN, et al. | : | |
| Defendants, | : | |
| and | : | |
| US MOBILCOMM, INC., | : | |
| Nominal Defendant. | : | |

## MEMORANDUM ORDER

The Court held a three-day jury trial in this case in December 2014. (*See* D.I. 246, 247, 258, 259, 260) Thereafter, the parties filed various post-trial motions. The Court heard argument on the motions on June 11, 2015. (*See* Transcript ("Tr."))

For the reasons stated below, IT IS HEREBY ORDERED that the Court's disposition of the pending motions is as follows:[1]

1. Plaintiff Jeffrey M. Norman's ("Plaintiff" "Norman") motion for judgment as a matter of law on his breach of contract claim against Defendant David W. Elkin ("Defendant" "Elkin") (D.I. 266) is **DENIED**.

---

[1] Given the extensive (nearly decade-long) history of this litigation, and the numerous opinions and orders previously issued in it (*see, e.g.*, D.I. 70, 77, 98, 156, 165, 219), the Court will not repeat background information in this Memorandum Order. Additionally, the Court limits its discussion of the multitude of issues presented by the parties to only those meriting attention.

1

Plaintiff concedes that for purposes of evaluating his motion the Court must apply the same law on which it instructed the jury. (*See* Tr. at 4) Consistent with that jury instruction, the record contains sufficient evidence from which a reasonable jury could have found that the requirement that creditors of a corporation be paid before distributions are made to holders of equity was applicable in the circumstances here, by finding that "all or substantially all of the company's [i.e., USM's] assets [were] sold, . . . [or] similar events" occurred. (D.I.245 (final jury instructions) at 27; D.I. 259 at 379-80, 403, 507) Among the evidence that could support such a finding is: Shorin's testimony that substantially all of the assets of USM were sold; Elkin's testimony that he consulted a bankruptcy attorney on behalf of USM; and that the company was cash-starved and needed a cash infusion (from Elkin) to stay alive. (*See* D.I. 259 at 379-80, 403, 507-08; D.I. 267 at 5 (summarizing evidence); Tr. at 11-12 (same))

Plaintiff's reliance on an April 2007 affidavit (PX47) filed by Elkin in the Delaware Court of Chancery is unavailing. This affidavit was before the jury; it was for the jury to assess each witness' credibility and find the facts, in light of whatever evidence the jury chose to credit. In particular, the jury was free to credit or reject Elkin's testimony, including what he stated in his Chancery affidavit, even if it believed the Chancery affidavit was fraudulent. Plaintiff is wrong when he insists that the trial record compelled the jury to reach Plaintiff's preferred "inescapable conclusion." (*See* D.I. 273 at 3)

The Court is obligated to uphold the jury's verdict if there exists a reasonable basis to do so. *See Motter v. Everest & Jennings, Inc.*, 883 F.2d 1223, 1230 (3d Cir. 1989); *see also Norman v. Elkin*, 726 F. Supp.2d 464, 476 (D. Del. 2010) (hereinafter "*Norman II*") ("Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant judgment as a matter of law if 'the

2

court finds that a reasonable jury would not have a legally sufficient evidentiary basis' to find for a party on a given issue after that party has been fully heard.") (quoting Fed. R. Civ. P. 50(a)). The Court finds that there is such a basis and, therefore, denies Plaintiff's motion.

   2.   Defendant's motion for judgment as a matter of law (D.I. 253) is **GRANTED**.[2]

In this motion, Elkin first seeks judgment as a matter of law on Norman's claim that Elkin breached a contractual obligation by the mere act of executing the Shareholder Loan Agreement ("SLA" or "Agreement"). (*See* D.I. 265 at 1) At trial, Norman failed to present evidence from which a reasonable factfinder, even drawing all reasonable inferences in favor of Norman, could have found that Norman proved he was damaged as a result of Elkin's signing the SLA. At the hearing, Norman's counsel conceded that he did not present evidence that Norman was damaged by the execution of the SLA, independent of the alleged derivative damages resulting from execution of the Agreement. (*See* Tr. at 50, 55) As damages are an essential element of a meritorious breach of contract claim, *see, e.,g., VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003), Norman's failure of proof on this essential element compels the Court to enter judgment as a matter of law for Elkin.

Separately, Elkin requests judgment as a matter of law on Norman's breach of contract claim for the failure to distribute proceeds from the sale of USM's assets on a pro rata basis (25:75%) to both Norman and Elkin. (*See* D.I. 263, 273) Elkin's motion is based on the three-year statute of limitations. Elkin seeks JMOL based on the reasoning that Norman had at least

---

[2]Somewhat confusingly, while Defendant filed just a single motion (D.I. 253), he filed two separate sets of briefs in support of it. D.I. 263 and 273 go to Elkin's request that the Court enter judgment as a matter of law for Elkin on Norman's breach of contract theory based on pro rata distributions, while D.I. 265 and 274 go to his separate request that the Court enter judgment as a matter of law that execution of the shareholder lien agreement was not a breach of contract.

3

inquiry notice of his claim before December 2, 2002, which was more than three years before the complaint was filed on December 2, 2005 (in the Court of Chancery, and later removed to this Court). Elkin contends that Norman has failed to show that the three-year statute of limitations was tolled due to fraudulent concealment or equitable tolling. The Court agrees with Elkin.

As an initial matter, the Court agrees with Elkin that Judge Farnan decided that the statute of limitations issues in this case would ultimately be determined by the Court, but also decided that there could be material issues of fact relating to tolling, which could require evidentiary proceedings in order to resolve. (*See* D.I. 130 at 274, 282; *Norman v. Elkin*, 2007 WL 2822798, at *5 (D. Del. 2007) (hereinafter "*Norman I*") ("The Court concludes that, in the circumstances in this case, the date on which Plaintiff knew or should have known the facts constituting his claims is a material dispute of fact."); *Norman II*, 726 F. Supp.2d at 470 ("Consideration of whether that burden is met 'may involve a fact intensive inquiry to determine when a reasonable person in plaintiffs' position knew or should have known of the claim.'") (quoting *Cantor v. Perelman*, 414 F.3d 430, 441 (3d Cir. 2005)). Accordingly, it was not improper for Elkin to fail to present his statute of limitations arguments to the jury at the most recent trial, nor was it improper for him to attempt to "plug" any "evidentiary hole" there may have been in the tolling evidence he presented at the first trial. Judge Farnan also decided that the applicable statute of limitations was three years. *See Norman I*, 2007 WL 2822798, at *4.[3] Further, the burden to show tolling is on Norman – since, if he cannot show tolling, then Norman cannot proceed with

---

[3]Plaintiff now argues for a 20-year statute of limitations – "the share of stock is executed by Mr. Elkin and it is under seal" (Tr. at 31; *see also* D.I. 268 at 10) – but he has failed to show why the Court should reevaluate the legal determination that the three-year statute of limitations governs in this case, or that if this question were reconsidered that the correct answer is 20 years.

4

his claim, given that he indisputably filed his complaint more than three years after the 2001 and 2002 distributions. *See id.* ("[T]he Court concludes that, without the application of a tolling doctrine, Plaintiff's claims would be time-barred by the statute of limitations because the causes of action accrued more than two years prior to the filing of this action, or three years for the breach of contract claim."); *see also Norman II*, 726 F. Supp.2d at 470 ("Plaintiff maintains the burden of proving that the statute of limitations is tolled.").

The evidence now in the record shows that a reasonable person in Norman's position would have had inquiry notice of his claims before December 2, 2002. That evidence includes: USM K-1 statements that were sent to Norman in 2001 and 2002 and made clear that Norman had a tax liability on more than $100,000 of income, when USM had never previously generated any profit (*see* D.I. 258 at 251-52); a summer 2002 phone call between Norman and Elkin, in which Elkin told Norman (according to Norman's testimony at the most recent trial) that USM had sold licenses, that Elkin had taken a distribution, and that it was not Norman's turn for a distribution (*see* D.I. 258 at 251-52); and the fact that Norman and his attorney were drafting a letter to demand additional information about the sales and distributions (*see* D.I. 258 at 251-52; DX-11; PX-38).[4]

The Court is not holding that a reasonable person knowing all of the foregoing would ***know*** he had a claim for breach of contract, only that such a person would ***know enough*** to put him on notice that he should undertake further inquiry, in order to determine if a wrong had been committed against him. That is inquiry notice. *See Norman II*, 726 F. Supp.2d at 470 ("'Inquiry

---

[4]On December 3, 2002, Elkin sent a letter to Plaintiff's attorney, which expressly stated that USM had repaid shareholder loans. (*See* PX-36)

5

notice does not require the plaintiff to have actual knowledge of the wrong, but merely an objective awareness of the facts giving rise to the wrong.'") (quoting *Vichi v. Koninkliike Philips Elecs. N.V.*, 2009 WL 4345724, at *17 (Del. Ch. Dec. 1, 2009)).

Norman's allegations of fraud and a fiduciary relationship with Elkin do not toll the statute for the period after he was on inquiry notice. *See Norman II*, 726 F. Supp.2d at 4701 ("However, the statute of limitations is only tolled until the plaintiff receives inquiry notice of his or her cause of action (i.e., when the plaintiff knew or should have known of the facts in the claim asserted based on discovery of the wrong or the fraudulent concealment."); *Norman I*, 2007 WL 2822798, at *5 ("[F]raudulent concealment tolls the statute until the time the injury is discovered, or should have been discovered through reasonable diligence."). Nor was the statute tolled during the pendency of Norman's Section 220 action in the Delaware Court of Chancery. *See Norman II*, 726 F. Supp.2d at 472 ("[T]he Court concludes that the doctrine of fraudulent concealment is inapplicable to toll the statute of limitations through the pendency of § 220 Action. . . . In addition, the Court concludes that the § 220 Action will not operate to toll the statute of limitations in a situation such as this, where Plaintiff had inquiry notice of his fraud claim before initiating the § 220 Action.").

As Plaintiff has failed to meet his burden to show the statute of limitations was tolled, and given that the record establishes that Plaintiff filed his complaint more than three years after being on inquiry notice of his pro rata distribution breach of contract claim, the Court will grant judgment as a matter of law to Defendant on this claim.[5]

---

[5]That Judge Farnan, on a more limited evidentiary record, concluded in 2010 (after an earlier trial) that Norman was not on inquiry notice as of December 3, 2002, does not preclude the Court from reaching the conclusions it has reached. The evidentiary record is now more

6

3. Plaintiff's motion for attorney fees and pre- and post-judgment interest (D.I. 261) is **GRANTED**[6] to the extent that Plaintiff is awarded pre-judgment interest at the Delaware legal rate of interest, *see* 6 Del. C. § 2301(a) (setting legal rate of interest at 5% over Federal Reserve discount rate), and post-judgment interest at the federal rate, *see* 28 U.S.C. § 1961, and **DENIED** to the extent Plaintiff seeks a higher rate of interest or compounded interest as well as to the extent Plaintiff seeks to recover attorney fees or have Defendant sanctioned.

Assuming (without deciding) the Court "can exercise its equitable powers and discretion to award Norman pre-judgment interest higher than the statutory rate, with compounding" (D.I. 262 at 9), Norman identifies no persuasive reason for the Court to do so.

Whatever interest is to be awarded (a matter that must now be recalculated in light of the Court's rulings on the JMOL motions) is to be calculated based on the dates proposed by Plaintiff in his motion and the parties' briefing on that motion. While Defendant attempted to dispute certain of those dates at the motion hearing (*see* Tr. at 68-69), he did not contest them in the briefing (disputing only the compounding issue), and his attempt to challenge Plaintiff's dates comes too late.

Moreover, the Court finds that Norman has failed to demonstrate a basis on which the

---

developed. *See Norman II*, 726 F. Supp.2d at 471 (concluding Plaintiff's pro rata distribution claim is not time-barred "based on the evidence adduced at [the first] trial," which did not include all the evidence that was admitted at second trial); *see also* Tr. at 35-36 (Elkin's counsel explaining there was "evidentiary hole in the first trial" which was "plugged" at the second trial).

[6]The Court will not speculate as to what position(s) the parties will take as to whether this motion is moot, in whole or in part, in light of the Court's other rulings. Given the lengthy course of the proceedings, given that the motion is fully briefed and was argued at the hearing, and given that both parties have suggested this case will be taken up on appeal, the Court has decided it is appropriate to resolve all of the pending motions, including Plaintiff's motion for interest and attorney fees.

7

Court could award him attorney fees. Norman has failed to prove his allegation that "Elkin submitted false facts to the Court" or that Elkin demonstrated "bad faith and vexatious[] litigation conduct and the pursuit of frivolous claims that tended to mislead the court and the jury." (D.I. 262 at 11-12) The Court disagrees with Norman's contention that the record "demonstrates a pattern of asserting frivolous claims, misleading the court and prolonging/delaying this litigation." (D.I. 277 at 4)

Much of what Norman complains about is related to Elkin's motion to disqualify Norman's prior counsel, a motion the Court granted, based on (in part, but not solely because of) Elkin's representation that the prior counsel might very likely need to be called as a witness at trial. (*See* D.I. 219 at 11) At trial, Elkin placed a lower priority on using any portion of his limited time to call Norman's prior counsel to testify. None of this demonstrates the type of bad faith or other problematic conduct necessary to warrant making Elkin – who ***prevailed*** on the motion to disqualify – pay any of Norman's attorney fees.

4. Plaintiff's motion to strike Defendant's reply brief on his renewed motion for judgment as a matter of law on the shareholder loan agreement breach of contract claim (D.I. 276) is **DENIED**. Even assuming Plaintiff is correct that Defendant violated the Court's order (limiting each side to no more than 50 pages of briefing for all post-trial motions), it is appropriate under the unusual circumstances of this ten year-old case to consider the extra four pages filed by Defendant (*see id.* (complaining that Elkin filed 54 pages of briefing instead of 50)), particularly given that the Court heard oral argument on all pending motions and Plaintiff was given a full and fair opportunity at the hearing to respond to Defendant's contentions.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and shall, no later

than **seven (7) days** from the date of this Order, provide the Court with a joint status report, indicating what, if any, additional proceedings are requested to occur in this matter and attaching a form of order for any additional order either party requests the Court to enter.

August 14, 2015  
Wilmington, Delaware

HON. LEONARD P. STARK  
U.S. DISTRICT COURT JUDGE