IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY M. NORMAN,

    Plaintiff,

v.

DAVID W. ELKIN, RICHARD M. SHORIN,
and THE ELKIN GROUP, INC.,

    Defendants,

- and -

US MOBILCOMM, INC.,

    Nominal Defendant.

C. A. No. 06-005-LPS

## MEMORANDUM ORDER

At Wilmington this 12th day of October, 2017, having considered the parties' filings related to Defendant David W. Elkin's ("Defendant" or "Elkin") Motion to Amend Briefing Schedule Due to Settlement Discussions and for Expedited Consideration (D.I. 306), IT IS HEREBY ORDERED that Defendant's motion (D.I. 306) is GRANTED.

1.    Pursuant to Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when the imposed schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med., Inc. v. Rymed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. Dec. 16, 2009) (citing Fed. R. Civ. P. 16(b)(4) Advisory Committee Notes (1983 Amendments)).

2.    The Court entered a briefing schedule in this case on August 28, 2017. (*See* D.I.

305) On September 18, 2017, Elkin's counsel initiated settlement discussions with Plaintiff Jeffrey M. Norman ("Plaintiff") and three law firms that have represented Plaintiff during the course of this decade-long litigation. (*See* D.I. 306 Ex. A) While Defendant's settlement proposal stated the settlement offer would expire on September 22, 2017 (*see* D.I. 306 Ex. A at 4), recent briefing indicates that consideration of the offer is ongoing (*see* D.I. 306 at ¶ 2; D.I. 309 at ¶ 1).

3. Under these circumstances, there is good cause to grant the proposed amendment to the scheduling order. Particularly given the long history of this case, it is appropriate to delay the briefing schedule a short time to allow the settlement efforts an opportunity to proceed. To allow for a reasonable opportunity to see if this case can be resolved, without further litigation and expense, a slight pause in the proceedings is required. Therefore, despite reasonable diligence, Defendant cannot complete his brief on the current schedule.

4. Nor does the Court believe the short extension of briefing will prejudice Plaintiff.[1]

5. Briefing on the issues set forth in the parties' joint letter dated August 1, 2017 (D.I. 301) and as discussed and ordered during the August 16, 2017 teleconference (D.I. 304) shall proceed as follows:

Simultaneous opening briefs shall be filed on: November 21, 2017

---

[1] Nor is the Court persuaded it should grant the relief sought by Plaintiff in his brief. (*See* D.I. 308 at ¶ 9)

Simultaneous answering briefs shall be filed on:    December 22, 2017

Simultaneous reply briefs shall be filed on:    January 22, 2018

                                                                            _____
                                                                            HONORABLE LEONARD P. STARK
                                                                            UNITED STATES DISTRICT JUDGE

3